# UNITED STATES DISTRICT COURT
## DISTRICT OF ALASKA

### PETITION FOR
### WRIT OF *HABEAS CORPUS*
### [28 U.S.C. § 2254]

3:06-cv-00259 RRB

| | |
|---|---|
| Name: Edward Y. Gardner | Prisoner No. 209127 |

Place of Confinement: Red Rock Correctional 1752 E. Arica Rd. Eloy, AZ 85231

Name of Petitioner (include name under which convicted)

Edward Y Gardner

Respondent (authorized person having custody of petitioner **not the State of Alaska**)

V.     Frank Luna (warden)

## PETITION

1.  Name and location of the court that entered the judgment of conviction under attack:

    Palmer Superior Court third judicial district Alaska

    435 south Denali Palmer AK 99645-6437

2.  Date of Judgment of Conviction:    May 30-1997

    Case Number    3PA-95-2444 CR

3.  What was your Plea? (Check one)

    Guilty ☐   Not Guilty ☒   Nolo Contendere ☐

    a.  If you entered a guilty plea to one count of the indictment and a not guilty plea to another count give

        details: _____

Case 3:06-cv-00259-RRB   Document 1   Filed 11/07/06   Page 1 of 42

_____
_____
_____
_____

b. If you entered a plea of guilty under a plea bargain agreement state the terms and conditions of the
   agreement: _____

_____
_____
_____
_____

4. Were you sentenced on more than one count of an indictment, in the same court at the same time?
   Yes ☐ No ☒

5. What was (were) the count(s) of which you were convicted? (All Counts) _____

_____
_____
_____

6. Type of Trial (Check one only)  Jury ☒   Judge Only ☐

7. Did you testify at trial?  Yes ☐  No ☒

8. Length of sentence _____99 years_____

9. Do you have any **future state court sentence** to serve after you complete the sentence imposed by
   the judgment under attack?  Yes ☐  No ☒

   > If "yes," you must add the state's Attorney General as an additional respondent. If you have a sentence to be
   > served now or in the future under a **federal** judgment that you wish to attack, you should file a motion under 28
   > U.S.C. **§ 2255**, in the federal court that entered the judgment.

   a. **If yes,** give the name and location of the court that imposed the sentence to be served in the future:

   _____

   b. Length of sentence _____   Date to begin _____

   c. Have you filed, or do you contemplate filing, any petition attacking the judgment that imposed the
      sentence to be served in the future?  Yes ☐  No ☐

Case 3:06-cv-00259-RRB   Document 1   Filed 11/07/06   Page 2 of 42

| 10. | Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐   No ☒ |

a. If yes, Docket No. (if you know) _____

b. Result: _____

_____

c. Date of Result: _____

d. Case Citation (if you know) _____

e. Grounds raised: _____

_____

_____

_____

_____

---

*CAUTION: In order to proceed in federal court, you must first **exhaust** your state court remedies as to each ground on which you request action by the federal court.* You are cautioned that there is a **one-year limitations period** in which to file a habeas petition in federal court, and that a petition brought under § 2254 will be dismissed if not brought within that period, unless there are "extraordinary circumstances" beyond your control that made it impossible to file your petition on time. The one year limitations period is tolled (suspended) during any **state** court post-conviction proceedings.[1/] If you file a petition in federal court before you have fully exhausted your claim(s) in state court, the federal petition will **not** toll the statute of limitations.

---

[1/]  28 U.S.C. § 2244(d)(1): A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Case 3:06-cv-00259-RRB   Document 1   Filed 11/07/06   Page 3 of 42

11. If your judgment of conviction became final over one year ago, explain why the one-year statute of limitations does not bar your petition: _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

## GROUNDS FOR RELIEF

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. You may also have grounds that are not listed here. Do not check any of these listed grounds. If you select any of these grounds for relief, you must allege **facts**. The petition will be returned to you if you merely check specific grounds.

    a.    Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with an understanding of the nature of the charge and the consequences of the plea.

    b.    Conviction obtained by use of coerced confession.

    c.    Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

    d.    Conviction obtained by use of evidence gained pursuant to an unlawful arrest.

    e.    Conviction obtained by a violation of the privilege against self-incrimination.

    f.    Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

    g.    Conviction obtained by a violation of the protection against double jeopardy.

    h.    Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

    i.    Denial of effective assistance of counsel.

    j.    Denial of right of appeal

**State each ground for which you claim that the state court conviction and/or sentence is unconstitutional. Summarize *briefly and concisely* the facts supporting each ground. If you claim more than three grounds, make copies of blank pages 5 – 6, and attach those pages stating additional grounds and *facts* that support those grounds. You must raise in this petition all grounds for relief that relate to this conviction. Any grounds not raised in this petition will likely be barred from being litigated in a future action.**

Case 3:06-cv-00259-RRB   Document 1   Filed 11/07/06   Page 4 of 42

12. **Ground 1** (a – j) __i__ (just one), or other: _____

**Supporting FACTS** (State *briefly*, without citing cases or law)    My conviction resulted in a
decision that was contrary to, or involved an unreasonable application
of, clearly established federal law, as determined by the Supreme Court
of the United States; 2) resulted in a decision that was based upon an
unreasonable determination of the facts in light of the evidence pres-
ented in the state court proceeding.  Due to trial counsels failure to
do any pretrial discovery as to the search warrant issue, which any
reasonably competent attorney would have done resulted in ileagly seized
evidence being presented to the jury  to gain the conviction.  Counsel
on direct appeal was also ineffective for failling to argue this as well

13. **Exhaustion of state court remedies regarding Ground 1:**        (see atached)

     ☐    **Direct Appeal:**
  a. Did you raise *this issue* on direct appeal from the conviction to the Alaska Court of Appeals?

     Yes ☐  No ☒  Result: _____

     Case No._____  Date of Decision: _____

     If no, why not?    Appelate counsel was ineffective for failling to address
        this issue as well.

  b. Did you raise *this issue* on direct appeal from the conviction to the Alaska Supreme Court?

     Yes ☐  No ☒  Result: _____

     Case No._____  Date of Decision: _____

     If no, why not?    Appelate counsel was ineffective.


     ☐    **Post-Conviction:**
  c. Did you raise *this issue* in a petition for post-conviction relief or state petition for *habeas corpus*?

     Yes ☒  No ☐  Name of Court:    Palmer Superior court

     Case No. 3 PA-01-80 CI          Date Petition Filed    January 2001

Case 3:06-cv-00259-RRB   Document 1   Filed 11/07/06   Page 5 of 42

Prior to going to trial I had spoken with my attorney Donna McCready about the fact that I had asked the arresting officer Dallis Massie for a search warrant when I noticed that a trooper was about to enter my cabin, I was told by Mr. Massie that he would serve the warrant on my cabin at a later time. I was arrested outside of my cabin for a burglary that had taken place a couple of months prior. The two guns that were taken in that burglary had been returned to the Alaska state troopers two weeks after the burglary.

So the only thing the troopers had to retrieve that day was myself. I was wanted for questioning with regard to a murder that had taken place in Willow. The two crimes were unrelated. The troopers chose to ignore my right to be free from unreasonable searches and seizers because it was more convenant to simply take all my belongings then to fly back out to my cabin with a proper warrant. I eventually was indicted for that murder in Willow two months after my arrest for the burglary. The troopers had no legal right to enter my cabin and seize my possesions and later use those items to not only gain an idictment but a conviction at trial as well.

Donna McCready sould have done the pretrial investigation that all reasonably competent attorney's do and she would have realized that there was no warrant and a motion to suppress would have been sucessful and the idictment itself would have been thrown out.

Something even compounds this issue is the fact that not one but two Alaska state troopers got on the stand at swore under oath that they had a warrant to enter my cabin. Dallis Massie was asked directly by my attorney why did you go to Sucker lake on September 28-1995? He said to serve a search warrant. Trooper adams took the stand and swore that he flew out the very next day to retrieve a warrant, but didn't.

A Mr. Bleitcher who was a detective on scene at my cabin wrote a report twelve days after the illegal search stating in great detail about how he was opening up my trunks, storage containers, personal journals, everything I owned he went through without a warrant. then they simply loaded it all up and flew it to palmer.

The constitution of the United States as well as the Alaska Constitution are very clear about warrantless searches. The state presented a knife to the grand jury that a state expert testified was consistent with the wounds on the deceased. That knife was seized illegally. The state at trial introduced two of my guns from my cabin over trial counsels objection that they were prejudicial. Trial counsel filed a motion in-limne to try and keep the guns out but the judge allowed them in anyway. These guns were not part of any crime and even the judge herself stated that these guns are defiently more prejudicial then probative but I'm going to allow them in anyway.

Even supposing that these guns did show my conciousness of guilt the guns still have to be in the states possession legaly. Trial counsel in her short affidavit admits that she doesn't know why she failed to file a suppression motion. Yet the state appeals court as well as the state supreme court seem to think that her not having any reason for her lack of action is a reasonable trial tactic.

The state courts have chose to ignore my ineffective claim against Donna McCready. They have chose to ignore my pleadings that have screamed for a hearing on this issue as well as other issues I've raised. There is simply no reasoned state court decision with regard to my appeal or PCR.

If I had made bail on the burglary charge and went back to my home I would have had nothing to return to. All my belongings were had been taken to palmer. The state has been asked repeatedly to produce a warrant and they have not. They even admit that there was no warrant as you can see in both of the last two pleadings filed by the state their latest being in response to my motion for a hearing before the state supreme court in which they state "the first issue was whether Gardner's trial lawyer had been ineffective by failling to challenge the "warrantless" search of his cabin. The state at every turn has sidestepped this issue the state believes that because my trial counsel failed prior to trial to catch the state that I have forefited this right.

There can be no mistake that an illegal search took place on Sep, 28-1995. Donna McCready's failure to investigate the search warrant goes to the foundation of the case or is of such dimension that it cannot be said it is possible for myself to have had a fair trial. I would like to quote Boyd "To all invasions on the part of the government and its employes of the sanctity of a man's home and the privacies of life. It is not the breaking of his doors, and the rummaging of his drawers, that constitutes the essence of the offense; but it is the invasion of his indefeasible right of personal security, personal liberty and private property."

Trial counsel's failure to file a suppression motion does not relieve the state of it's duty to protect my most fundamental rights guareenteed me not only by Alaska but the United States as well. I've not waived my rights and all my pleadings bear that out.

The errors in this case are constitutional and go to my very right to a fair trial. This court must keep in mind that trial counsel has never claimed to have had any tactical reason for failing to file the suppression motion.

Also the search of my cabin was not the only illegal search that took place. The troopers also seized items from a home in willow without a warrant and presented those items to the jury as well.

I would submit that the courts have not only applied the wrong law in this case but they have also failed to apply the Risher standard used in Alaska for ineffective cases or the federal standard of strickland. Never has a hearing been held and I would ask this court to throw out the conviction based on the illegal search and seizer. In the alternative remand for a hearing would be approprate.

Did you receive an evidentiary hearing?   Yes ☐  No ☒

Result __PCR denied__                    Date of Result: __Augest 17-2004__

If you did not raise this issue, why not? _____

_____

d.  Did you appeal *this issue* to the Alaska Court of Appeals?   Yes ☒  No ☐

Result: __PCR denied__

Case No.__A-8881__              Date of Result: __March 29-2006__

If no, Why not? _____

_____

e.  Did you appeal *this issue* to the Alaska Supreme Court?   Yes ☒  No ☐

Result: __Petition for hearing denied__

Case No.__S-12291__            Date of Result: __July 7-2006__

If no, Why not? _____

_____

☐    **Other Proceedings:**

f.  Have you pursued any other procedure/process in an attempt to have your conviction and/or sentence

overturned based on *this issue* (such as administrative remedies)?   Yes ☐  No ☒

If yes, explain: _____

_____

_____

14.  **Ground 2** (a – j) ____  (just one), or other: __The court violated my Sixth Amend-__
__ment right to confront Theresa Sasser when they admitted the DV tapes.__

**Supporting FACTS** (State *briefly*, without citing cases or law)  __1) my conviction resulted__
__in a decision that was contrary to, or involved an unreasonable applic-__

__ation of, clearly established federal law, as determined by the Supreme__

__Court of the United States; 2) resulted in a decision that was based__

__upon an unreasonable determination of the facts (see attached)__

Case 3:06-cv-00259-RRB   Document 1   Filed 11/07/06   Page 9 of 42

in light of the evidence presented in the state court proceeding. The appeals
court ruling that the admission of the DV tapes was harmless beyond a reason-
able doubt and the Supreme Courts failing to hear this issue was error.
The appeals court goes to great lengths to explain their decision as to why
I'm not entitled to confront those who would accuse me face to face. The
Alaska appeals court is not deciding cases evenly as my most recent research
has found out. A 2006 case that was also a confrontation issue.

In my case the court said that because others testified at trial in
a similar manner as to what TS had stated on the DV tapes that, that made
the introduction of those tapes harmless. That is not how they have ruled
in other cases older then mine, nor in their recent 2006 case which made
it very clear that face to face confrontation is the way the system is set
up. I realize that my case is a murder case, but I am still entitled to
the same protections as anyone else. I contend that a conviction that is
based on some very serious constitutional violations cannot be trusted nor
upheld. The court of appeals said recently in a case concerning confrontation
that "because there is a reasonable possibility that these statements affected
the jury's verdict, we cannot say that any error was harmless beyond a reason-
able doubt." The last thing the juror's wanted to hear in my case before
convicting me was those DV tapes, how can anyone say anything other than
they had an effect on the juror's?

The court erred in my case when they ruled that the inadmissible facts
asserted by the deceased were repeated in the testimony of the other witnesses
especially, but not limited to finding that the inadmissible claim of the
victim that I had threatened to shoot her was identical to admissible test-
imony that I possessed firearms and had threatened to commit suicide. I
would ask that the conviction be throw out and the case remanded back for
a new trial. In the alternative a hearing should be held.

_____

_____

_____

_____

_____

_____

15. **Exhaustion of state court remedies regarding Ground 2:**

    ☐    **Direct Appeal:**

a.  Did you raise *this issue* on direct appeal from the conviction to the Alaska Court of Appeals?

    Yes ☒  No ☐  Result: Conviction affirmed _____

    Case No. A-6681 _____ Date of Decision: June 21-2000 _____

    If no, why not? _____

b.  Did you raise *this issue* on direct appeal from the conviction to the Alaska Supreme Court?

    Yes ☒  No ☐  Result: Petition for hearing denied _____

    Case No. _____ Date of Decision: September 27-2000 ____

    If no, why not? _____

    ☐    **Post-Conviction:**

c.  Did you raise *this issue* in a petition for post-conviction relief or state petition for *habeas corpus*?

    Yes ☐  No ☒  Name of Court: _____

    Case No. _____ Date Petition Filed _____

    Did you receive an evidentiary hearing?  Yes ☐  No ☒

    Result _____ Date of Result: _____

    If you did not raise this issue, why not? Already ruled on _____

d.  Did you appeal *this issue* to the Alaska Court of Appeals?  Yes ☐  No ☒

    Result: _____

    Case No. _____ Date of Result: _____

If no, Why not? _____Already ruled on_____

e. Did you appeal *this issue* to the Alaska Supreme Court?   Yes ☐  No ☒

Result: _____

Case No. _____ Date of Result: _____

If no, Why not? _____Already ruled on_____

☐    **Other Proceedings:**

f. Have you pursued any other procedure/process in an attempt to have your conviction and/or sentence

overturned based on *this issue* (such as administrative remedies)?   Yes ☐  No ☒

If yes, explain: _____

_____

_____

16. **Ground 3** (a – j) ____ (just one), or other: _____Sixth Amendment right to a fair_____

_____trial was violated due to prosecutorial misconduct._____

**Supporting FACTS** (State *briefly*, without citing cases or law)      1)my conviction resulted

in a decision that was contrary to, or involved an unreasonable app-

lication of, clearly established federal law, as determinded by the

Supreme Court of the United States; 2) resulted in a decision that was

based upon an unreasonable determination of the facts in light of the

evidence presented in the state court proceeding.  The appeals court

is wrong in their ruling on this issue especially when you look at the

judge telling the prosecutor not to violate the protective order and

the first thing the state does is goes right back to talking about

this dog tracking from the crime scene!  The prosecutor repeatedly

vouched for Brasseur.                              (see attached)

Case 3:06-cv-00259-RRB   Document 1   Filed 11/07/06   Page 12 of 42

The prosecutor told the jury that Mr. Brasseur was not even at the crime
scene. And that it is a shame that poor Mr. Brasseur would get blamed for
this crime by the defense. The prosecutor asked the jurors to listen to the
domestic violence hearing tapes in a manner contrary to the court's ruling.

The appeals court erred by not seeing the prosecutions argument as plain
error. I don't believe that the appeals court looked at this from the juror's
perspective. The court is not to look at how they would have felt, but as to
what effect this testimony would have had on the jurors. The prosecutor was
well aware of the courts order with regard to the protective order, the judge
had just upheld our objection, and yet the prosecutor went right back to the
dog tracking. This dog tracking information first from the trooper and now
from the prosecutor most defiently had an impact on the jury's verdict. The
prosecutor put the weight of her office behind not only that issue but also in
alibing Mr. Brasseur as well. The state told the jury that they had extra-
judicial information that they were not aware of by her statements as to noway
Mr. Brasseur was at the crime scene. The entire weight of her office was put
behind that statement as well as multitude of statements concerning DNA,
character evidence over and over repeating the same theme.

The facts are that Mr. Brasseur had no alibi for the time of the murder
until the state gave him one. The prosecution inflamed the juror's by accuss-
ing me of sexually assaulting the deceased. Law and society demand account-
ability for a sexual offense, so when the prosecutor is continually beating
the drum of sexual assault it is very likely a factor in persuading the jury
not to let me go free. There should have been an immediate mistrial called
for and even the judge herself should have granted one sue sponte for the
violations of the protective order. The prosecutor engaged in a number of
questionable arguments all bordered on a mistrial. The width and breadth of
the improper arguments in her closing and rebuttal created "extraordinary and
striking circumstances" under which a mistrial may be declared without the
defendants consent.

I realize that this may not be the place for this much detail and I in no way wish to waste this courts time, but this is such a serious issue. I have read alot of case law on this subject and this case does rise to the top for prosecutorial misconduct.

I will attempt to show this court in a very concise way just what the jurors were exposed to in a very short period of time. First this was a murder case based on very weak circumstantial evidence. The prosecutor starts off in rapid succession telling the jury how I sexually assaulted the deceased and that my semen and DNA were found on the deceased. The prosecutor tells the jury about an 8 inch knife that was seized from my cabin that is consitant with the wounds on the deceased.

Tells the jury about my guns that I had at MY cabin which did not have anything to do with this case other then to prejudice the jury against me.

The prosecutor told the jury that the DNA was their home run piece of evidence noway out for Mr. Gardner. The state never tested Brasseur to see if it could have been his. That's right the state simply told the jurors that no way was the DNA Mr. Brasseur's he wasn't even at the crime scene.

I will end with this break down of the prosecutor's closing remarks:

In the states final closing we have a total of 43 pages, 24 that are prejudicial, 14 that are not and 3 that are questionable. In the states opening we had 28 pages which only 12 pages were not prejudicial. That leaves us with 16 pages from the states opening round combine that with the 24 pages from their final argument and you come up with a total of 40 out of 71 pages contained impermisible comments to the jury. There are also those 3 questio-nable pages as well.

I pray that this Honorable Court will reverse the conviction in this case and remand back for a new trial free of these constitutional violations.

17. **Exhaustion of state court remedies regarding Ground 3:**

☐ **Direct Appeal:**

a. Did you raise *this issue* on direct appeal from the conviction to the Alaska Court of Appeals?

Yes ☒ No ☐ Result: _Appealed denied_

Case No. _A-6681_ Date of Decision: _June 21-2000_

If no, why not? _____

_____

b. Did you raise *this issue* on direct appeal from the conviction to the Alaska Supreme Court?

Yes ☒ No ☐ Result: _Petition for hearing denied_

Case No. _____ Date of Decision: _Sep. 27-2000_

If no, why not? _____

_____

☐ **Post-Conviction:**

c. Did you raise *this issue* in a petition for post-conviction relief or state petition for *habeas corpus*?

Yes ☐ No ☒ Name of Court: _____

Case No. _____ Date Petition Filed _____

Did you receive an evidentiary hearing? Yes ☐ No ☐

Result: _____ Date of Result: _____

If you did not raise this issue, why not? _Already raised on direct appeal_

_____

d. Did you appeal *this issue* to the Alaska Court of Appeals? Yes ☐ No ☒

Result: _____

Case No. _____ Date of Result: _____

If no, Why not? _Already raised on direct appeal_

_____

e. Did you appeal *this issue* to the Alaska Supreme Court? Yes ☐ No ☒

Result: _____

Case No. _____ Date of Result: _____

Case 3:06-cv-00259-RRB   Document 1   Filed 11/07/06   Page 15 of 42

If no, Why not?  <u>Already raised on direct appeal</u>

☐ **Other Proceedings:**

f.  Have you pursued any other procedure/process in an attempt to have your conviction and/or sentence

overturned based on *this issue* (such as administrative remedies)?  Yes ☐ No ☒

If yes, explain: _____

_____

_____

_____

18.  Have *all grounds* raised in this petition been presented to the highest state court having jurisdiction?

Yes ☒ No ☐

a.  If no, which grounds have not been presented? _____

_____

b.  Explain reasons for not presenting grounds: _____

_____

_____

**Attach a copy the highest state court written decision(s) regarding this conviction.**

If you have not attached copies of your state court written decision(s), why not? _____

_____

_____

### SUCCESSIVE PETITIONS

19.  Is this the first *federal* petition for writ of *habeas corpus* challenging this conviction?  Yes ☒ No ☐

a.  If no, in what court was the prior action filed? _____

_____  Case No. _____

b.  Was the prior case: (Check one)  Denied on the merits ☐ or Dismissed on procedural grounds ☐

c.  Date of decision  _____

d.  Are there any issues raised in this petition that were raised in the prior petition?  Yes ☐ No ☐

e.  If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to

file this successive petition?  Yes ☐ No ☐

Case 3:06-cv-00259-RRB   Document 1   Filed 11/07/06   Page 16 of 42

**Ground** 4 (a – j) _____ (just one), or other: Sixth Amendment vioaltion of effec-
tive counsel with regard to the DNA testing and AS 12.45.035 violation.

**Supporting FACTS** (State *briefly*, without citing cases or law)  1)my conviction resulted in
a decision that was contrary to, or involved an unreasonable applicat-

ion of, clearly established federal law, as determined by the Supreme

Court of the United States; 2) resulted in a decision that was based

upon an unreasonable determination of the facts in light of the evid-

ence presented in the state court proceeding. Donna McCready was

ineffective on the DNA issue for a number of reasons 1)she failed to

have better testing done on the DNA which would have shown that it was

not mine as I had been saying all along; 2) she failed to hold the

state to it's own rules governing the introduction of DNA which states

13. **Exhaustion of state court remedies regarding Ground** 4:  (see attached)

☐    **Direct Appeal:**
a. Did you raise *this issue* on direct appeal from the conviction to the Alaska Court of Appeals?

Yes ☒ No ☐  Result: Appealed denied

Case No. A-6681 _____ Date of Decision: June 21-2000

If no, why not? _____

b. Did you raise *this issue* on direct appeal from the conviction to the Alaska Supreme Court?

Yes ☒ No ☐  Result: Petition denied

Case No. _____ Date of Decision: September 27-2000

If no, why not? _____

☐    **Post-Conviction:**
c. Did you raise *this issue* in a petition for post-conviction relief or state petition for *habeas corpus*?

Yes ☒ No ☐  Name of Court: Palmer Superior Court third judicial dist.

Case No. 3PA-01-80 CI        Date Petition Filed 12-26-01

USDC, Alaska
PS03

Continuation Sheet Page

§ 2254 Petition
Effective 10/03

10 A

Case 3:06-cv-00259-RRB   Document 1   Filed 11/07/06   Page 17 of 42

That statistical analysis must accompany the introduction of DNA evidence in a criminal trial. Without any analysis as to how common particular patterns are, the jury has no idea if the patterns are as common as pictures with two eyes, or as unique as the Mona Lisa. That is why the statistical analysis is so important and most all states have enacted legislation as Alaska has to govern the introduction of DNA evidence. If the frequency of a profile from evidence at the crime scene were found in 99% of the general population, for example, the fact that the defendant is a potential contributor would have only nominal probative value.

This issue has not been addressed at all from the superior court on up to the Alaska Supreme. The record has been made. The request for retesting has been brought out in atleast four different forms to the court, all have been ignored. I have been adament about the DNA not being mine, willing to take a polygraph test. But yet trial counsel chose not to seek better testing of the DNA. Instead she felt putting me at the crime scene somehow helped me more. I am the one facing prison not trial counsel, it is not her decision to decide to abandon my defense. I made it clear from before trial that I had not been with Theresa Sasser in a sexual way for over a year. Counsel cannot be allowed to ambush her client and then simpy claim to have made a tactical decision!

I still maintain that better testing will exonerate me and that Donna McCready was ineffective for not doing more advanced testing (that was available at that time). She even refused to seek a sample from the one person whom I believe the DNA belongs to.

10 B

Case 3:06-cv-00259-RRB   Document 1   Filed 11/07/06   Page 18 of 42

The DNA was the "critical" piece of evidence in this case for the state, those were their words to the superior court prior to going to trial. Alaska has stated in their own decisions that DNA evidence introduced at trial without the statistical analysis is error!

Expert testimony concerning the frequency with which the observed alleles are found in the appropiate comparison population is necessary for the finder of fact to make an informed assessment of the incriminating value of this match.

I was denied due process of law by the introduction of the DNA without the statistical analysis. Also by trial counsel failing to seek better testing which would have "excluded" me as a "possible" contributor.

I would ask that my conviction be thrown out and remanded for a new trial with the DNA fully tested and the statistical analysis introduced. I would ask that at the very least this issue be sent back for a hearing on this issue as well as the others.

10 C

Did you receive an evidentiary hearing? Yes ☐ No ☒

Result _____ Date of Result: _____

If you did not raise this issue, why not? _____

d. Did you appeal *this issue* to the Alaska Court of Appeals? Yes ☒ No ☐

Result: Post conviction denied

Case No. A-8881 Date of Result: 3-29 06

If no, Why not? _____

e. Did you appeal *this issue* to the Alaska Supreme Court? Yes ☒ No ☐

Result: Petition for hearing denied

Case No. S-12291 Date of Result: 7-27-06

If no, Why not? _____

☐ **Other Proceedings:**

f. Have you pursued any other procedure/process in an attempt to have your conviction and/or sentence overturned based on *this issue* (such as administrative remedies)? Yes ☐ No ☒

If yes, explain: _____

_____

_____

_____

USDC, Alaska
PS03

Continuation Sheet Page

§ 2254 Petition
Effective 10/03

10 D

Case 3:06-cv-00259-RRB   Document 1   Filed 11/07/06   Page 20 of 42

**Ground** 5 (a – j) ___ (just one), or other: Sixth Amendment right to a fair
trial free of profile evidence.

**Supporting FACTS** (State *briefly*, without citing cases or law) 1) my conviction resulted
in a decision that was contrary to, or involved an unreasonable app-
lication of, clearly established federal law, as determined by the
Supreme Court of the United States; 2) resulted in a decision that was based
upon an unreasonable determination of the facts in light of the evid-
ence presented in the state court proceeding. A Dr. Araji was allowed
to testify with regard to domestic violence and told the jury that
people who are accused of domestic violence are the ones who kill
their spouses. Dr. Araji also discussed puppy abuse, alcoholism
sexual assault, child abuse, and many other issues as well. (see attached)

13. **Exhaustion of state court remedies regarding Ground** 5 :

☐ **Direct Appeal:**

a. Did you raise *this issue* on direct appeal from the conviction to the Alaska Court of Appeals?

Yes ☒ No ☐ Result: Appealed denied

Case No. A-6681     Date of Decision: 6-21-2000

If no, why not? _____

b. Did you raise *this issue* on direct appeal from the conviction to the Alaska Supreme Court?

Yes ☒ No ☐ Result: Petition for hearing denied

Case No. _____ Date of Decision: 9-27-2000

If no, why not? _____

☐ **Post-Conviction:**

c. Did you raise *this issue* in a petition for post-conviction relief or state petition for *habeas corpus*?

Yes ☒ No ☐ Name of Court: Palmer Superior Court third judicial Dist.

Case No. 3PA-01-80-CI     Date Petition Filed 12-26-2001

USDC, Alaska
PS03

Continuation Sheet Page

§ 2254 Petition
Effective 10/03

11 A

Case 3:06-cv-00259-RRB   Document 1   Filed 11/07/06   Page 21 of 42

The fact is nobody even knows how she qualified to testify or what she was even qualified to testify about. This was a murder case, no one was charged with child abuse, sexual assault, but yet Dr. Araji was allowed to tell the jury how anyone that fell into her profile was a murder. I want to be very clear that the word "profile" was used regurally during Dr. Araji's time on the witness stand.

The judge herself had problems with allowing this profile evidence in at trial, the judge herself stated that " profile evidence is damn condemning" but I'll allow it in anyway. The judge even ask both counsels if they know any cases where this kind of profile evidence has been admitted before? Neither of the attorney's were able to come back the next day with any authority that would allow this "highly" prejudicial evidence before a jury, yet the judge allowed it anyway knowing that it was not admissible.

Defense counsel was outraged at this blatent violation of her clients rights to a fair trial, and put on the record that the defense had a running objection to anything Dr. Araji would have to say before the jury! Counsel told the judge that if Dr. Araji testify's to all the things she had just said then we "might as well go directly to sentencing." Trial counsel should have asked for a mistrial.

I pray that this Honorable Court will grant a new trial free from all these constitutional violations. In the alternative I pray for a hearing on this issue as well as the others.

11 B

Did you receive an evidentiary hearing?   Yes ☐   No ☒

Result _____   Date of Result: _____

If you did not raise this issue, why not? _____

_____

d. Did you appeal *this issue* to the Alaska Court of Appeals?   Yes ☒   No ☐

Result: Post conviction denied

Case No. A-8881 _____   Date of Result: 3-29-2006

If no, Why not? _____

_____

e. Did you appeal *this issue* to the Alaska Supreme Court?   Yes ☒   No ☐

Result: Petition for hearing denied

Case No. S-12291 _____   Date of Result: 7-27-2006

If no, Why not? _____

_____

☐   **Other Proceedings:**

f. Have you pursued any other procedure/process in an attempt to have your conviction and/or sentence

overturned based on *this issue* (such as administrative remedies)?   Yes ☐   No ☒

If yes, explain: _____

_____

_____

_____

USDC, Alaska
PS03

Continuation Sheet Page

11 C

§ 2254 Petition
Effective 10/03

Case 3:06-cv-00259-RRB   Document 1   Filed 11/07/06   Page 23 of 42

**Ground 6 (a – j) ___** (just one), or other: Sixth Amendment right to put on my
defense.

**Supporting FACTS** (State *briefly*, without citing cases or law) 1) my conviction resulted
in a decision that was contrary to, or involved an unreasonable appli-
cation of, clearly established federal law, as determined by the
Supreme Court of the United States; 2) resulted in a decision that was
based upon an unreasonable determination of the facts in light of the
evidence presented in the state court proceeding. I was denied a most
fundamental right of due process of law when the judge denied my right
to put on other suspect evidence against Gloria Gardner as well as
two other suspects. Also by limiting what I could put on about Mr.
Brasseur. (see attached)

13. **Exhaustion of state court remedies regarding Ground 6 :**

    ☐ **Direct Appeal:**

a. Did you raise *this issue* on direct appeal from the conviction to the Alaska Court of Appeals?

    Yes ☒ No ☐ Result: Appealed denied

    Case No. A-6681      Date of Decision: 6-21-2000

    If no, why not? _____

b. Did you raise *this issue* on direct appeal from the conviction to the Alaska Supreme Court?

    Yes ☒ No ☐ Result: Petition for hearing denied

    Case No. _____ Date of Decision: 9-27-2000

    If no, why not? _____

    ☐ **Post-Conviction:**

c. Did you raise *this issue* in a petition for post-conviction relief or state petition for *habeas corpus*?

    Yes ☐ No ☒ Name of Court: _____

    Case No. _____ Date Petition Filed _____

USDC, Alaska
PS03

Continuation Sheet Page

§ 2254 Petition
Effective 10/03

12 A

Case 3:06-cv-00259-RRB   Document 1   Filed 11/07/06   Page 24 of 42

Part of the states case was that I fled to avoid prosecution for this crime. When I tried to present evidence as to why I would not want to speak with the troopers the judge refused to allow me to produce testimony that would have explained how my older brother had been put in jail for a crime that he did not commit for eight months. He was found not guilty at trial.

The point is that he was picked up at the airport trying to leave the state and even though it looked bad at the time he was later exonerrated of those charges. This is why the higher courts have not readly put their stamp of approval on testimony of flight, because there are alot of reasons why a person may not want to get involved. And I was never allowed to defend that chrarge in any way.

The court ruled out two other suspects stating that the defense did not have enough proof that they could have committed the crime. It is not my responseability to prove who did or did not committ this crime. The constitution is very clear on my right to defend myself at trial, and the courts responsability is to protect that right. The judge cannot arbritralary deny me that right. The judge in this case had no right to impose a stricter evidentiary standard on the defense desiring to present witnessess testimony than it does on the prosecution.

I would ask that the conviction in this case be set aside and the case sent back for new trial free from these constitutional violations. In the alternative I would ask for a hearing on this issue as well as the others I have raised.

12 B

Did you receive an evidentiary hearing? Yes ☐ No ☒

Result _____ Date of Result: _____

If you did not raise this issue, why not? ___Raised on direct appeal_____

_____

d. Did you appeal *this issue* to the Alaska Court of Appeals? Yes ☐ No ☒

Result: _____

Case No._____ Date of Result: _____

If no, Why not? ___Raised on direct appeal_____

_____

e. Did you appeal *this issue* to the Alaska Supreme Court? Yes ☐ No ☒

Result: _____

Case No._____ Date of Result: _____

If no, Why not? ___Raised on direct appeal_____

_____

☐ **Other Proceedings:**

f. Have you pursued any other procedure/process in an attempt to have your conviction and/or sentence

overturned based on *this issue* (such as administrative remedies)? Yes ☐ No ☒

If yes, explain: _____

_____

_____

_____

USDC, Alaska
PS03

Continuation Sheet Page

§ 2254 Petition
Effective 10/03

12 C

Case 3:06-cv-00259-RRB   Document 1   Filed 11/07/06   Page 26 of 42

**Ground** 7 (a – j) ___ (just one), or other: 14th Amendment right to due process guaranteed in the constitution of the United States.

**Supporting FACTS** (State *briefly*, without citing cases or law) 1) my conviction resulted in a decision that was contrary to, or involved an unreasonable appli- cation of, clearly established federal law, as determined by the Supreme Court of the United States; 2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. I presented legal arguments that malice and premeditation need to be proved in order to convict a person of first degree murder. I argued that this fundam- ental defect in the prosecution was a violation of due process that could be raised at anytime. The fourteenth Amendment protects the

(see attached)

13. **Exhaustion of state court remedies regarding Ground** 7 :

☐ **Direct Appeal:**

a. Did you raise *this issue* on direct appeal from the conviction to the Alaska Court of Appeals?

Yes ☐ No ☒ Result: _____

Case No. _____ Date of Decision: _____

If no, why not? Counsel was ineffective

b. Did you raise *this issue* on direct appeal from the conviction to the Alaska Supreme Court?

Yes ☐ No ☒ Result: _____

Case No. _____ Date of Decision: _____

If no, why not? counsel was ineffective

☐ **Post-Conviction:**

c. Did you raise *this issue* in a petition for post-conviction relief or state petition for *habeas corpus*?

Yes ☒ No ☐ Name of Court: Palmer Superior Court third judicial Dist.

Case No. 3PA-01-80 CI Date Petition Filed PCR denied

USDC, Alaska
PS03

**Continuation Sheet Page**

13 A

§ 2254 Petition
Effective 10/03

Case 3:06-cv-00259-RRB   Document 1   Filed 11/07/06   Page 27 of 42

using evidentuary presumptions in a jury charge that have the effect of reli-
eving the state of its burden of persuasion beyond a reasonable doubt of every
essential element of the crime charged.  The state not once in its closing
argument mentions the one element that they say is required for a first degree
murder conviction, ie., intent.

Normally a second degree murder instruction should be given as a matter
of course to juries hearing a first degree murder case.  This will avoid any
possibility that such juries might be foreclosed from an alternative verdict
which would be justified be certain possible findings of fact.  The state I
contend shifted the burden in this case onto me to prove that I did not act
with the intent to kill.  This intent under the states definition is (my
concious objective) there is no way to know what I am thinking unless I tell
you, and there was no confession in this case.

I copied an article out of the 2002 Alaska magazine that was titled "
please don't feed the animals...or you'll pay."  In this article a Mr. Bruce
Bartley a spokesman for the Alaska Department of fish and game admitted that
a previous rule stating that it was illegal to <u>intentionally</u> feed moose, bear
wolf, fox, or wolverine , or to <u>intentionally</u> leave food or garbage in a
manner that attracted these animals was subject to a $50. dollar fine was a
toothless regulation.  Why?  Because it was <u>impossible</u> to prove <u>intent.</u>

Alaska changed their statue in 1980 to reflect only the word intent to
describe first degree murder.  A 1983 case from the Alaska court of appeals
explains the element's as " a person who, being of sound memory and discretion
purposely, and either of deliberate and premeditated malice or in the perpetr-
ating or in the attempting to perpetrate a robbery, kills another is guilty of
murder in the first degree.  MY jury was simply told that they could infer my
guilt and to assume it as well.  This issue is govern by very good U.S.
Supreme Court cases and needs to be addressed.  Again I asked that this convi-
ction be thrown out.  In the alternative I would ask for a hearing on this.

Did you receive an evidentiary hearing?   Yes ☐   No ☒

Result _____          Date of Result: _____

If you did not raise this issue, why not?   _Attorney was ineffective_____

_____

d.  Did you appeal *this issue* to the Alaska Court of Appeals?   Yes ☒  No ☐

Result:   _Post conviction denied_____

Case No. _A-8881_____ Date of Result:   _3-29-2006_____

If no, Why not?   _____

_____

e.  Did you appeal *this issue* to the Alaska Supreme Court?   Yes ☒  No ☐

Result:   _Petition for hearing denied_____

Case No. _S-12291_____ Date of Result:   _7-27-2006_____

If no, Why not?   _____

_____

☐      **Other Proceedings:**
f.  Have you pursued any other procedure/process in an attempt to have your conviction and/or sentence

overturned based on *this issue* (such as administrative remedies)?   Yes ☐  No ☒

If yes, explain:   _____

_____

_____

_____

Case 3:06-cv-00259-RRB   Document 1   Filed 11/07/06   Page 29 of 42

Ground 8 (a – j) ___ (just one), or other: 14th Amendment right to a fair
trial, cumulative error. Due process.

Supporting FACTS (State *briefly, without citing cases or law*)   1) my conviction resulted
in a decision that was contrary to, or involved an unreasonable
application of, clearly established federal law, as determined by the
Supreme Court of the United States; 2) resulted in a decision that
that was based upon an unreasonable determination of the facts in
light of the evidence presented in the state court proceeding.
The state violated my right to have a trial in front of a impartial
jury. A jury that was free from inadmissible evidence due to no
actual search warrant to seize evidence from my cabin. A jury that
had not had a protective order violated in front of it twice.

13.  **Exhaustion of state court remedies regarding Ground** 8 :        (see attached)

☐   **Direct Appeal:**

a.  Did you raise *this issue* on direct appeal from the conviction to the Alaska Court of Appeals?

Yes ☒  No ☐  Result: Appealed denied

Case No. A-6681 _____  Date of Decision: 6-21-2000

If no, why not? _____

b.  Did you raise *this issue* on direct appeal from the conviction to the Alaska Supreme Court?

Yes ☒  No ☐  Result: Petition for hearing denied

Case No. _____  Date of Decision: 9-27-2000

If no, why not? _____

☐   **Post-Conviction:**

c.  Did you raise *this issue* in a petition for post-conviction relief or state petition for *habeas corpus*?

Yes ☐  No ☒  Name of Court: _____

Case No. _____  Date Petition Filed _____

Case 3:06-cv-00259-RRB   Document 1   Filed 11/07/06   Page 30 of 42

A jury that had not been exposed to profile evidence which is condemned
is this country.  To tell a jury that I am more likely to commit this crime
because I look a certain way or live a certain way that makes me a killer.

To contrast me against Mr. Brassuer stating that I cannot even live in
civilized soceity for three days where as Mr. Brassuer he has roots and a
good job a home right here in the community no way he's your killer.  The
profile of a person who acts certain ways when it comes to relationships is
more likely to be the killer then a person who brings flowers home everynight
to his wife.  Because someone is accused by a spouse of domestic violence
there killers.  All this information that was so prejudicial and in direct
contrast to what the constitution allows.

The judge herself admitted that the profile evidence was "damn condeming"
but go ahead and do it anyway.  She even stated that she could not think of
any instance where this was allowed.  I swear that is exactly what she said
but the courts have never looked at the straight forward issues that have been
put before them.  It is like they only read what the state has filed.  The
trial record needs to be examined and it will bear out what I am saying as the
truth.  The judge knew that the introduction of the two guns that again were
seized illegaly from my cabin were "more prejudicial then probative but I'm
going to allow them in anyway."  That right there violated rules of court 101
when it comes to evidence being more prejudicial then probative, you don't
admit it!

The Ninth Circuit has described firearm evidence as "unique" because
of its "visceral impact" on the jury.

The judge did nothing about the prosecution charging me with sexual
assault in her closing arguments.  Her answer was "well that's not an easily
curable issue at this point."

Case 3:06-cv-00259-RRB   Document 1   Filed 11/07/06   Page 31 of 42

There is absolutely no instruction to the jurors to disregard or to tell the prosecutor to stick to facts in evidence.

Law and society demand accountability for a sexual offense, so when the prosecutor is continually beating the drum of sexual assault it is very likely a factor in persuading the jury not to let me go free. The state introduced the DNA evidence at trial and relied on it in their final argument before the jury. Referring to the DNA evidence as the stepping stone to suggesting that I raped the deceased hence there you have the motive.

I believe that the improper argument so inflamed the jurors against me when it came to the issue of sexual assault that they truely convicted me of that charge. I had no chance to defend against it since it was never formally charged in an idictment and presented to a grand jury to be tried .

The DNA was never legally before the jury since the state violated its own laws on the introduction of DNA evidence. Compounding this issue was the fact that the prosecutor told the jury that the DNA proved the identity of the killer. The states expert never told the jury that the DNA was mine no doubt. The expert simply said that I could not be ruled out as a possible contributor and nothing else. The prosecutor repeatedly told the jury that no way was the DNA Mr. Brasseur's. Noway it was his because he wasn't even there.

The domestic violence order tapes that the appeals court has already ruled should have never been before the jury, the deceased reaching out from beyond pointing the finger at me. Those hearings were over a year prior to her death and were not admissible under any exception to the hearsay rules.

I was also denied my most basic and fundamental right guareenteed under the constitution of the United States, the right to present my defense and call witnesses on my behalf.

14 C

I pray that this Honorable Court will look into the trial record or allow myself to present to this court the relevant cites in the record to show that the Alaska appellate courts have failed to seek out the truth in this case.  To simply rely on what the state presents is not looking at this case from an unbiased point.  The state has over and over misrepresnted the facts in this matter.  I truly believe that if a fair hearing is held and I am allowed to present the facts as they truly are in the record that I will convince this court that I did not recieve a fair trial.

The cumlulative effect of these errors at my trial "so infected the trial with unfairness as to make the resulting conviction a denial of due process.

I pray that this Honorable Court will throw out the conviction and remand back for a new trial free from these errors.  In the alternative I pray for a hearing on this issue as well as the others aforementioned.

I Find it interesting that I have had two attorneys that at different times have come to the same conclusion and both have stated their concern to the courts that they have failed to address issues that have been presented to them.  Both of these observations were made by attorneys years apart and relating to two sepperate parts of my appeal, one being my direct appellate counsel, the other my post conviction relief attorney.  I don't mean to be going on about nothing but I am trying to make the point that I do believe that I need to be heard and I pray that you will hear me.

14 D

Did you receive an evidentiary hearing?   Yes ☐ No ☒

Result _____   Date of Result: _____

If you did not raise this issue, why not?   Raised on direct appeal _____

d.  Did you appeal *this issue* to the Alaska Court of Appeals?   Yes ☐ No ☒

Result: _____

Case No._____ Date of Result: _____

If no, Why not?   Raised on direct appeal _____

e.  Did you appeal *this issue* to the Alaska Supreme Court?   Yes ☐ No ☒

Result: _____

Case No._____ Date of Result: _____

If no, Why not?   Raised on direct appeal _____

☐   **Other Proceedings:**

f.  Have you pursued any other procedure/process in an attempt to have your conviction and/or sentence

overturned based on *this issue* (such as administrative remedies)?   Yes ☐ No ☒

If yes, explain: _____

_____

_____

_____

USDC, Alaska
PS03

**Continuation Sheet Page**

§ 2254 Petition
Effective 10/03

14 E

Case 3:06-cv-00259-RRB   Document 1   Filed 11/07/06   Page 34 of 42

Ground 9 (a – j) ___ (just one), or other: Sixth Amendment right to speedy trial.

Supporting FACTS (State *briefly*, without citing cases or law) 1) my conviction resulted in a decision that was contrary to, or involved an unerasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; 2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Alaska has as part of their constitution and well established case law that a defendant has the right to a speedy trial. I made my claim to a speedy trial and I was told that I would not be allowed to proceed because the judge knew what was best for me. (see attached)

13. **Exhaustion of state court remedies regarding Ground** 9 :

☐ **Direct Appeal:**

a. Did you raise *this issue* on direct appeal from the conviction to the Alaska Court of Appeals?

Yes ☐ No ☒ Result: _____

Case No. _____ Date of Decision: _____

If no, why not? Counsel was ineffective

_____

b. Did you raise *this issue* on direct appeal from the conviction to the Alaska Supreme Court?

Yes ☐ No ☒ Result: _____

Case No. _____ Date of Decision: _____

If no, why not? counsel was ineffetctive

_____

☐ **Post-Conviction:**

c. Did you raise *this issue* in a petition for post-conviction relief or state petition for *habeas corpus*?

Yes ☒ No ☐ Name of Court: Palmer Superior court third judicial Dist.

Case No. 3PA-01-80 CI Date Petition Filed 12-26-2001

USDC, Alaska
PS03

Continuation Sheet Page

§ 2254 Petition
Effective 10/03

15 A

Case 3:06-cv-00259-RRB   Document 1   Filed 11/07/06   Page 35 of 42

The right to a speedy trial is a personal right of the defendant and, thus, the right is deemed waived if not promptly asserted, which I did assert.

I would like to point out that I never recieved a hearing to see if I was able to proceed on my own, which Alaska law does require once the notice is given that a defendant wishes to proceed to trial on his own. I made it very clear that I wanted no delays in taking me to trial. Yet the judge once again refuses to allow me to stand on my constitutional rights. It is not the judge that ask for delays, but the prosecution . The state said they were ready to proceed to trial as was I.

The right to a speedy trial is not a theoretical or abstract right but one rooted in hard reality in the need to have charges promptly exposed. The right to a prompt inquiry into criminal charges is fundamental, and the duty of the charging authority is to provide a prompt trial.

The duty with which the Sixth Amendment places on government officials to proceed expeditiously with criminal prosecutions would have little meaning if those officials could determine when that duty was to commence.

A defendant in a criminal case, not only has a constitutional right to the assistance of counsel, but also has a correlative constitutional right to refuse the advice of interference of counsel and to present his own case. A court has no more right to force an attorney on a defendant than it has to ignore the Sixth Amendment right to counsel. When a defendant seeks to waive counsel and represent himself, the court should advise the defendant in un-equivocal terms both of the technical problems he may encounter in acting as his own attorney and of the risk he takes if his defense efforts are un-successful. The Supreme Court has held that a two prong inquiry must be un-dertaken when a defendant expresses a desire to either substitute counsel or proceed pro se.

Case 3:06-cv-00259-RRB   Document 1   Filed 11/07/06   Page 36 of 42

There were no hearings in my case with regard to my speedy trial request
or any hearings as to a time accounting for just how much time had elapsed.

This issue is raised as just another example of how the judge in my case
refused to give me a fair trial from the very beginging, to the very end.
This judge tried to sit on another family members trial back in 1985 and only
after appealing to the Alaska appellate court did my brother get her removed.

I have claimed all along that this judge has been bias towards me and has
made several remarks at trial that were highly prejudicial and have gotten her
removed from my case, but trial counsel again failed to protect my rights.

I just pray that this Honorable Court will throw out the conviction and
remand back for atrial that is free from all this prejudicial evidence. In
the alternative I would ask for a hearing on all the issues raised in this
habeas.

15 C

Did you receive an evidentiary hearing?   Yes ☐   No ☒

Result _____   Date of Result: _____

If you did not raise this issue, why not? _____

d.  Did you appeal *this issue* to the Alaska Court of Appeals?   Yes ☒   No ☐

Result: Appeal denied

Case No. A-8881 _____   Date of Result:   3-29-2006

If no, Why not? _____

e.  Did you appeal *this issue* to the Alaska Supreme Court?   Yes ☒   No ☐

Result: Petition for hearing denied

Case No. S-12291 _____   Date of Result:   7-27-2006

If no, Why not? _____

☐   **Other Proceedings:**

f.  Have you pursued any other procedure/process in an attempt to have your conviction and/or sentence overturned based on *this issue* (such as administrative remedies)?   Yes ☐   No ☒

If yes, explain: _____

_____

_____

_____

USDC, Alaska
PS03

Continuation Sheet Page

§ 2254 Petition
Effective 10/03

15 D

Case 3:06-cv-00259-RRB   Document 1   Filed 11/07/06   Page 38 of 42

**Ground** 10 (a – j) ___ (just one), or other: __14th Amendment due process__
judge refused to rule on issues raised in PCR.

**Supporting FACTS** (State *briefly*, without citing cases or law)    (1) My conviction resulted
in a decision that was contray to, or involved an unreasonable appli-
cation of, clearly established federal law, as determined by the
Supreme Court of the United States; (2) resulted in a decision that
was based upon an unreasonable determination of the facts.
   Judge Cutler failed to rule on the issues that were legally before
her. Resulting in my Post Conviction being denied without a full
and fair hearing of the issues that are still in dispute. I raised
Constitutional issues that required a fair opportunity to be heard
and would have resulted in my PCR being granted.

13.   **Exhaustion of state court remedies regarding Ground** :10

☐   **Direct Appeal:**

a. Did you raise *this issue* on direct appeal from the conviction to the Alaska Court of Appeals?

Yes ☐  No ☒  Result: _____

Case No. _____ Date of Decision: _____

If no, why not?  Was not a direct appeal issue
_____

b. Did you raise *this issue* on direct appeal from the conviction to the Alaska Supreme Court?

Yes ☐  No ☒  Result: _____

Case No. _____ Date of Decision: _____

If no, why not?  Was not a direct appeal issue.
_____

☐   **Post-Conviction:**

c. Did you raise *this issue* in a petition for post-conviction relief or state petition for *habeas corpus*?

Yes ☒  No ☐  Name of Court: Palmer Superior Court third Judicial Dist.

Case No. 3PA-01-80-CI _____ Date Petition Filed 12-26-2001

USDC, Alaska
PS03

Continuation Sheet Page

§ 2254 Petition
Effective 10/03

16 A

Case 3:06-cv-00259-RRB   Document 1   Filed 11/07/06   Page 39 of 42

Did you receive an evidentiary hearing?   Yes ☒   No ☐

Result _____   Date of Result: _____

If you did not raise this issue, why not? _____

_____

d.  Did you appeal *this issue* to the Alaska Court of Appeals?   Yes ☒  No ☐

Result:  Appeal denied

Case No. A-8881 _____   Date of Result: 3-29-2006

If no, Why not? _____

_____

e.  Did you appeal *this issue* to the Alaska Supreme Court?   Yes ☒  No ☐

Result: _____

Case No. S-12291 _____   Date of Result: 7-27-2006

If no, Why not? _____

_____

☐     **Other Proceedings:**

f.  Have you pursued any other procedure/process in an attempt to have your conviction and/or sentence

overturned based on *this issue* (such as administrative remedies)?   Yes ☐  No ☒

If yes, explain: _____

_____

_____

_____

Case 3:06-cv-00259-RRB   Document 1   Filed 11/07/06   Page 40 of 42

If yes, please attach a copy of the order.    Attached?   Yes ☐   No ☐

*** **YOU MUST OBTAIN PERMISSION BEFORE FILING YOUR SUCCESSIVE PETITION.** ***

20.   Give the name and address, if known, of each attorney who represented you in the following stages of the judgment being attacked:

a.   Preliminary Hearing   Donna McCready Ashburn and Mason 1130 west sixth Ave. Anchorage, AK 99501-5914

b.   Trial   Donna McCready Ashburn and Mason 1130 West Sixth Ave. Anchorage, AK 99501-5914

c.   Sentencing   Donna McCready Ashburn and Mason 1130 West Sixth Ave. Anchorage, AK 99501-5914

d.   Appeal   Randall Cavanaugh Kalamarides and Lambert 711 H St. 450 Anchorage, AK 99501

e.   Post-conviction Proceeding   John Pharr 733 West Fourth Ave. suite 308 Anchorage, AK 99501

f.   Appeal from adverse ruling in Post-Conviction Proceeding   Blair McCune 425 G street suite 620 Anchorage, AK 99501.
I filed the petition for a hearing before the Supreme Court.

21.   Do you have any petition, application, motion or appeal (or by any other means) now pending in any court regarding the conviction that you are challenging in this action?   Yes ☒   No ☐

Case 3:06-cv-00259-RRB   Document 1   Filed 11/07/06   Page 41 of 42

If yes, state the name of the court and the nature of the proceedings: I have a sentence
appeal before the Alaska appellate court at this time.

_____

_____

_____

_____

_____

_____

Date you are mailing (or handing to correctional officer) this petition to the Court:   10-24-2006

   WHEREFORE, petitioner prays that the Court grant petitioner such relief to which petitioner is entitled

in this federal petition for writ of habeas corpus under 28 U.S.C. § 2254 by a person in state custody.

*Edward Y Gardner*
⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯          ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
    Signature of Petitioner                         Signature of Attorney (if any)


⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯          ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
(Signature of person who prepared this petition, if not       Typewritten/Printed Name of Attorney
Petitioner)
Edward Y. Gardner                            Address of Attorney:
⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
Typewritten/Printed Name of Person who prepared this
petition                                    ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
Address of Person who Prepared Petition:
Red Rock Correctional Center                 ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
 1752  E. Arica Rd. Eloy, AZ   85231

### DECLARATION UNDER PENALTY OF PERJURY

I understand that a false statement or answer to any question in this declaration will subject me to penalties
of perjury.  I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF
AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.

Executed at:Red Rock 1752 E. Arica rd. Eloy, AZ 85231    Date:  10-24-2006
⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
               Location where signed

*Edward Y Gardner*                    209127
⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯          ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
    Signature of Petitioner                      Inmate Number

Case 3:06-cv-00259-RRB   Document 1   Filed 11/07/06   Page 42 of 42