G. Blair McCune
Attorney at Law
425 G St., Suite 620
Anchorage, Alaska  99501-2137
Tel. (907) 644-8568
Fax (907) 644-9008
E-mail: mccune@gci.net

Attorney for Petitioner

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| EDWARD Y. GARDNER,                )<br>                                                     )<br>                        Petitioner,     )<br>                                                     )<br>      vs.                                          )<br>                                                     )<br>FRANK LUNA,                              )<br>                                                     )<br>                        Respondent.  )<br>_____) | Case No. 3:06-cv-00259-RRB-JDR<br><br>**AMENDED PETITION FOR**<br>**WRIT OF HABEAS CORPUS**<br>**UNDER 28 U.S.C. § 2254** |

Petitioner Edward Y. Gardner, by counsel, G. Blair McCune, Attorney at Law, submits this amended petition for writ of habeas corpus under 28 U.S.C. § 2254.

**I. JURISDICTION AND CUSTODY**

This court has jurisdiction over Mr. Gardner's original petition for writ of habeas corpus.  28 U.S.C. § 2241.  Mr. Gardner is in the custody of the Commissioner of the Department of Corrections of State of Alaska under the judgment and sentence of the State of Alaska Superior Court, Third Judicial District.  The state superior court convicted and sentenced him as set out below.  This state court is within the District of Alaska.  28 U.S.C. § 2241(d). Mr. Gardner claims he is in custody in violation of the Constitution or laws or treaties of the

United States.  28 U.S.C. § 2241(c)(3).

## II. BACKGROUND AND PRIOR PROCEEDINGS

### A.  Original Proceedings in State Court

1.  Mr. Gardner was charged with murder in the first degree in violation of AS 11.41.110(a)(1)(A) in the death of Ms. Teresa Sasser.  This charge was set out in a single-count indictment filed in *State of Alaska v. Edward Y. Gardner, Jr.*, No. 3PA-95-2444 CR (Alaska Super. Ct. 3d Jud. Dist. November 16, 1995) (indictment filed) (hereafter, *3PA-95-2444*).

2.  Prior to trial, Mr. Gardner's trial attorney, Ms. Donna J. McCready, filed an opposition to introduction of court documents and the tape-recorded testimony of Ms. Sasser (hereafter, "DV proceeding evidence") in a domestic violence (DV) protective order proceeding, *Theresa L. Gardner v. Edward Y. Gardner, Jr.*, Case No. 3PA-94-587 DV. Mr. Gardner's opposition was filed in *3PA-95-2444* in November 1996.  Mr. Gardner opposition claimed that admission of the DV proceeding evidence would violate provisions of the Alaska Evidence Rules and the confrontation clause of the Sixth Amendment to the United States Constitution.  In an omnibus hearing prior to trial, the superior court denied the claims raised in Mr. Gardner's opposition and gave the state permission to introduce the DV proceeding evidence.

3.  A jury trial was held in *3PA-95-2444* beginning on January 2, 1997.  The tapes of Ms. Sasser's testimony at the DV hearings on May 31, 1994 and June 14, 1994 were played to the jury at trial, and Ms. Sasser's DV petition was admitted as an exhibit.  Mr. Gardner also objected to admission of certain other evidence and exhibits.  Further, his attorney also claimed error when the superior court refused to allow him to introduce certain evidence.  These other matters are referred to in Mr. Gardner's *pro se* petition and are addressed below.

2

4. Mr. Gardner was found guilty by the jury. He was sentenced by the superior court in a Judgment and Commitment in *3PA-95-2444* to a term of 99 years. The sentencing took place on May 30, 1997. The Judgment and Commitment was distributed on June 3, 1997.

5. Mr. Gardner filed a timely notice of appeal to the Court of Appeals of the State of Alaska in *Edward Y. Gardner v. State of Alaska*, No. A-6681 (Alaska App. June 27, 1997) (notice of appeal filed). Mr. Gardner filed an opening brief in this appeal claiming that the superior court erred in allowing the State to introduce the DV proceeding evidence. He also claimed the court erred in other matters described below.

6. The Alaska Court of Appeals affirmed Mr. Gardner's conviction in *Edward Y. Gardner v. State of Alaska*, No. A-6681, Memorandum Opinion & Judgment No. 4235, 2000 WL 799341 (Alaska App. June 21, 2000) (*Gardner I*). In *Gardner I*, the court of appeals held that the DV proceeding evidence should not have been admitted. *Gardner I*, 2000 WL 799341 at *4-*5. The court based its ruling on another court of appeals case, *Ryan v. State*, 899 P.2d 1371 (Alaska App. 1995). *Gardner I*, 2000 WL 799341 at *5. *Ryan*, in turn, applied the United States Supreme Court's "particularized guarantees of trustworthiness" test to determine whether Sixth Amendment confrontation clause violations occurred. *Ryan*, 899 P.2d at 1375 (citing *Idaho v. Wright*, 497 U.S. 805, 110 S.Ct. 3139 (1990) and *Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531 (1980).[1] Although the court of appeals in *Gardner I* held that admitting the DV proceeding evidence was error, it applied the harmless error beyond a reasonable doubt doctrine. *Gardner I*, 2000 WL 799341 at *6, *12-*15. The court ultimately affirmed Mr. Gardner's conviction based on its finding that the error was harmless beyond a reasonable

---

[1] As noted below, these cases were overruled by *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354 (2004) but may, nonetheless, apply in Mr. Gardner's case.

3

doubt.  *Gardner I*, 2000 WL 799341 at *12.  The court of appeals also rejected the other matters Mr. Gardner raised in his appeal.

       7.  Mr. Gardner filed a timely petition for hearing with the Alaska Supreme Court in *Edward Y. Gardner v. State of Alaska*, No. S-9761 (Alaska July 5, 2000) (petition for hearing filed).  Mr. Gardner challenged the Alaska Court of Appeals' decision that admitting the DV proceeding evidence was harmless error.  He also challenged the court of appeals decision rejecting his other points on appeal.  The Alaska Supreme Court denied Mr. Gardner's petition for hearing on Alaska September 26, 2000.

  **B.  Collateral Proceedings in State Court**

       1.  Mr. Gardner filed a timely Application for Post-Conviction Relief under Alaska Criminal Rule 35.1 in *Matter of Edward Y. Gardner*, No. 3PA-01-80 CI (Alaska Super. Ct. 3d Jud. Dist. January 8, 2001) (application filed) (hereafter, *3PA-01-80*).  Mr. Gardner claimed that this trial attorney provided him with ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution.  He also raised other collateral claims.  The superior court ruled on two of Mr. Gardner's ineffective assistance of counsel claims.  *3PA-01-80*, Order of August 17, 2004 (dismissing Mr. Gardner's application).  The superior court concluded that Mr. Gardner's attorney did not provide him with ineffective assistance of counsel by failing to file a motion to suppress evidence seized at Mr. Gardner's cabin.  *Id.*  The superior court also concluded that Mr. Gardner's attorney did not provide him with ineffective assistance of counsel by improperly conceding at trial that DNA evidence showed Mr. Gardner was a possible contributor of sperm found on Ms. Sasser's body.  *Id.*

       2.  Mr. Gardner filed a timely notice of appeal in the Alaska Court of Appeals in *Edward Y. Gardner v. State of Alaska*, No. A-8881 (Alaska App. August 31, 2004) (notice of

appeal filed).  In this case, Mr. Gardner appealed of the dismissal of his post-conviction relief application by the superior court in *3PA-01-80*.  In his briefing, Mr. Gardner argued the superior court erred in dismissing the ineffective assistance of counsel claims referred to above.  Other claims of error were also made.  The court of appeals affirmed the dismissal of Mr. Gardner's post-conviction relief application in *Edward Y. Gardner v. State of Alaska*, No. A-8881, Memorandum Opinion & Judgment No. 5064, 2006 WL 829758 (Alaska App. March 29, 2006).

3.  Mr. Gardner filed a timely petition for hearing with the Alaska Supreme Court in *Edward Y. Gardner v. State of Alaska*, No. S-12291 (Alaska April 11, 2006) (petition for hearing filed).  Mr. Gardner challenged the Alaska Court of Appeals' decision rejecting has ineffective assistance of counsel claims.  He also challenged the court of appeals decision rejecting other points on appeal.  The Alaska Supreme Court denied Mr. Gardner's petition for hearing on Alaska July 27, 2006.

## III.  GROUNDS FOR HABEAS CORPUS

Mr. Gardner claims that he is being held in custody in violation of the following provisions of the Constitution of the United States.

### A. Ground One -- Sixth Amendment Confrontation Clause Violations

#### 1. The State Court Held There Were Confrontation Clause Violations

As set out in the background and proceedings section above, the Alaska Court of Appeals held in *Gardner I* that the DV proceeding evidence (described above) should not have been admitted into evidence at Mr. Gardner's trial.  *Gardner I*, 2000 WL 799341 at *4-*5.  The test the court of appeals applied was whether the hearsay DV evidence was "so inherently untrustworthy, so free from possible doubt, that cross examination ... concerning those

5

statements would yield negligible benefit to Gardner as he stood trial for murder." *Gardner I*, 2000 WL 799341 at *4-*5 (internal quotations and citations omitted).  As noted above, this test came from another Alaska Court of Appeals case, *Ryan v. State*.  As noted above, *Ryan* was based on the United States Supreme Court confrontation clause decisions in *Idaho v. Wright* and *Ohio v. Roberts*.  Because the state court in *Gardner I* applied the confrontation clause test and applied the constitutional error standard of harmless beyond a reasonable doubt, there is no doubt that the state court decided that there was a violation of the Sixth Amendment confrontation clause in Mr. Gardner's case.

### 2.  The State Court Erred in Applying the Harmless Error Beyond a Reasonable Doubt Standard

Having found a confrontation clause violation, the Alaska Court of Appeals proceeded to apply the standard established by the United States Supreme Court in *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824 (1967) for determining whether constitutional errors are harmless.  *Gardner I*, 2000 WL 799341 at *6.[2]  This is the harmless error beyond a reasonable doubt standard.

Mr. Gardner claims that the court of appeals erred in applying the harmless error beyond a reasonable doubt standard.  Therefore, the violation of Mr. Gardner's Sixth Amendment rights persists notwithstanding the court of appeals' harmless error decision.

The legal standards this court must apply in reviewing the state court application of harmless error beyond a reasonable doubt are extremely complex.  The parties will need to address this issue in their briefs.  Basically, the Ninth Circuit in *Inthavong v. LaMarque*, 420

---

[2] This standard was applied even though the court of appeals did not cite *Chapman* or, indeed, other case law.  *Id.*

F.3d 1055 (9th Cir. 2005), held that, in the Ninth Circuit, courts should generally apply the harmless error analysis of *Brecht v. Abrahamson*, 507 U.S. 619, 113 S.Ct. 1710 (1993).  The *Brecht* standard is that errors are harmless if they do not have a substantial and injurious effect or influence in determining the jury's verdict.  *See Inthavong*, 420 F.3d at 1059.  However, as the court noted in *Inthavong*, there is a split among the circuits on this issue.  Other circuits hold that the *Chapman* should be applied.  *Id.* at 1059-60.

Mr. Gardner will argue that, notwithstanding *Inthavong*, the *Chapman* standard should be applied.  However, Mr. Gardner will acknowledge that this court must follow *Inthavong*.

The factual basis for Mr. Gardner's claim that the Alaska Court of Appeals misapplied the harmless beyond a reasonable doubt standard is found in the transcripts and the record on appeal in *Gardner I*.  This issue is factually as well as legally complex and will need to be briefed in some detail.

This issue is raised as Ground Two in Mr. Gardner's *pro se* Petition.  Mr. Gardner incorporates the argument and authority set out in Ground Two of his *pro se* Petition in this amended petition.

### 3. *Idaho v. Wright* and *Ohio v. Roberts* Probably Apply to This Habeas Corpus Petition

As noted above, *Idaho v. Wright* and *Ohio v. Roberts* were overruled, at least in part, by *Crawford v. Washington*.  But in *Whorton v. Bockting*, ___ U.S. ___, 127 S.Ct. 1173 (2007) the Supreme Court held that *Crawford* was a new rule of law that could not be applied retroactively in collateral relief proceedings.  *Bockting*, 127 S.Ct. at 1184.

This is a legally complex issue that will need further briefing, but Mr. Gardner

7

currently assumes that *Idaho v. Wright* and *Ohio v. Roberts* are the law that applies to his case despite the fact that these cases were overruled in *Crawford*. However, because the Alaska Court of Appeals correctly applied *Wright* and *Roberts* via *Ryan v. State* in deciding *Gardner I*, the non-retroactivity of *Crawford* should not make a difference in Mr. Gardner's habeas corpus proceeding.

### B.  Ground Two -- Sixth Amendment Effective Assistance of Counsel Violations

As set out above, Mr. Gardner raised ineffective assistance of counsel claims in the application for post-conviction relief he filed in state court. Two of these claims were dismissed by the superior court. These claims were: (1) that Mr. Gardner's trial attorney provided him with ineffective assistance of counsel because she failed to file a motion to suppress evidence seized at Mr. Gardner's cabin; and (2) that Mr. Gardner's attorney provided him with ineffective assistance of counsel because she improperly conceded at trial that DNA evidence showed Mr. Gardner was a possible contributor of seamen found on Ms. Sasser's body. *3PA-01-80*, Order of August 17, 2004.

These issues were addressed by the Alaska Court of Appeals in *Gardner II*. *Id.*, 2006 WL 829758 at *3-*4. Mr. Gardner contends that the state courts erred and that he was provided with ineffective assistance of counsel on both these claims.

In both of these claims Mr. Gardner contends, in accordance with *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984), that this trial attorney's representation fell below an objective standard of reasonableness and created a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial.

### 1. Search of Mr. Gardner's Cabin

At trial, evidence was admitted that was seized by law enforcement officers from Mr. Gardner's cabin. In an affidavit, Mr. Gardner's trial attorney admitted that she did not file a motion to suppress the search and seizure at Mr. Gardner's cabin. The trial attorney also stated that she could not remember the reason she did not file a motion to suppress.

Mr. Gardner relies on the United States Supreme Court case, *Kimmelman v. Morrison*, 477 U.S. 365, 106 S.Ct. 2574 (1986). Mr. Gardner alleges that his trial attorney failed to either request a copy of any search warrant that existed or to determine that no warrant existed. Among other evidence, firearms and explosives were seized at the cabin and introduced against Mr. Gardner at trial. This was highly prejudicial evidence that affected the outcome of Mr. Gardner's trial. In *Kimmelman*, the Court held that the trial attorney had no tactical reason for failing to take steps to determine whether a search and seizure of critical evidence was illegal. A similar failure existed in the present case, and Mr. Gardner will show, based on the record in *Gardner II*, that no tactical reason justified the trial attorney's omissions in his case and that he received ineffective assistance of counsel.

In addition to the violation of the Sixth Amendment effective assistance of counsel guarantees, the search violated Mr. Gardner's rights guaranteed by the Fourth Amendment to the United States Constitution.

This claim is raised as Ground One in Mr. Gardner's *pro se* Petition. Mr. Gardner incorporates the argument and authority set out in Ground One of his *pro se* Petition in this amended petition.

### 2. Admission of the DNA Evidence

Mr. Gardner contends that his trial attorney was ineffective in failing to require

her expert to undertake more discriminating, further tests of the DNA of the seamen allegedly found on Ms. Sasser's body.  In addition, Mr. Gardner's claims that his trial attorney had a valid basis for objecting to the introduction of the DNA evidence.  He claims that the introduction of the DNA evidence violated AS 12.45.035.  *See also People v. Coy*, 620 N.W.2d 888 (Mich. App. 2001).

This claim is raised as Ground Four in Mr. Gardner's *pro se* Petition.  Mr. Gardner incorporates the argument and authority set out in Ground Four of his *pro se* Petition in this amended petition.

### C.  Ground Three -- Due Process, Fair Trial Fourteenth Amendment Violations

Mr. Gardner raised additional claims in his *pro se* Petition that he wishes to incorporate into this amended petition.  Counsel has agreed to this incorporation.  Although Mr. Gardner has raised these issues under various constitutional provisions, they all appear to violate Mr. Gardner's basic, fundamental due process right to a fair trial guaranteed by the Fourteenth Amendment to the United States Constitution.  These issues are as follows.

#### 1.  Prosecutorial Misconduct

Issues involving prosecutorial misconduct were raised in Ground Three of Mr. Gardner's *pro se* Petition.  These issues were addressed by the Alaska Court of Appeals in *Gardner I*.  Mr. Gardner claims that the prosecutor violated protective orders and "vouched" for Mr. David Brasseur, the other suspect in Mr. Gardner's case.

#### 2.  Right to Put on a Defense

This issue was raised in Ground Six of Mr. Gardner's *pro se* Petition.  Mr. Gardner claims that he was denied due process of law when the trial judge refused to allow him to present certain "other suspect" evidence involving Mr. Brasseur.  The "other suspect" issues

involving Mr. Brasseur were addressed by the Alaska court of appeals in *Gardner I*. Mr. Gardner also claims that his due process rights were violated when the trial judge refused to allow him to present other suspect evidence involving Ms. Gloria Gardner.

### 3. Cumulative Error

This issue was raised in Ground Eight of Mr. Gardner's *pro se* Petition. Mr. Gardner claims that he was denied due process of law and a fair trial when the various errors and constitutional violations are reviewed cumulatively. Even if, in the alternative, any one of the above violations is not sufficient in itself to warrant a new trial, when viewed cumulatively they constitute a violation of due process and Mr. Gardner's right to a fair trial.

## IV. CONCLUSION

Based on the foregoing argument and authority, Mr. Gardner requests that this court vacate his conviction and order that he be released were given a new trial.

DATED at Anchorage, Alaska April 6, 2007.

RESPECTFULLY SUBMITTED,

       s/ G. Blair McCune
G. BLAIR McCUNE
Attorney for Petitioner
425 G St., Suite 620
Anchorage, Alaska  99501-2137
Tel. (907) 644-8568
Fax (907) 644-9008
E-mail: mccune@gci.net
Alaska Bar No. 7906037

11

<u>Certification</u>

I certify that on April 5, 2007 a copy of the
**AMENDED PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2254**
was served electronically on:

Mr. Kenneth M. Rosenstein
Assistant Attorney General
Attorney for Respondent


___s/ G. Blair McCune___
Attorney at Law
Attorney for Petitioner