UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| EDWARD Y. GARDNER,<br><br>              Petitioner,<br>vs.<br><br>FRANK LUNA,<br><br>              Respondent. | 3:06-cv-00259-RRB-JDR<br><br>**RECOMMENDATION**<br>**REGARDING RESPONDENT'S**<br>**MOTION TO DISMISS**<br><br>(Docket No.16) |

The court has now before it the respondent's motion to dismiss Mr. Edward Y. Gardner's petition for writ of *habeas corpus*. (Docket No. 16). Said motion is made on the grounds that Gardner failed to exhaust his state court remedies as to all but one of his claims for relief. Gardner filed an opposition at docket No. 20 (supplemental memorandum and errata thereto at docket Nos. 36 and 37) and the respondent filed a reply at docket No. 38. Oral argument was not requested and is not deemed necessary to the disposition of the motion. For the reasons that follow, the respondent's motion should be granted in part and denied in part.

BACKGROUND

In 1997 Gardner was tried and convicted in Alaska State Court of murder in the first degree in violation of AS 11.41.110(a)(1)(A). The victim was Ms. Teresa Sasser. Gardner was sentenced to 99 years for that crime. Prior to trial, Gardner's trial attorney, Ms. Donna J. McCready, filed a motion opposing the introduction of court documents and tape recorded testimony of Ms. Sasser from a domestic violence (DV)

1

proceeding. Gardner argued that the admission of the DV proceeding evidence would violate provisions of the Alaska Rules of Evidence and the confrontation clause of the Sixth Amendment to the United States Constitution. The trial court ruled against Gardner. At trial, the tapes were played to the jury, and Ms. Sasser's DV petition was admitted into evidence. The trial court also denied Gardner's attempt to introduce "other suspect" evidence regarding David Brasseur and Gloria Gardner.

Gardner filed a timely notice of Appeal to the Alaska Court of Appeals. Therein, he claimed the trial court erred in allowing the prosecution to introduce the DV proceedings into evidence. He also claimed that the trial court erred regarding the "other suspect" evidence. The Alaska Court of Appeals affirmed Gardner's conviction. Subsequently, he filed a timely petition for hearing to the Alaska Supreme Court. That petition was denied on July 27, 2006.

## THE LEGAL STANDARD

A petitioner seeking *habeas corpus* relief from a state court conviction in federal court must exhaust his remedies in state court. 28 U.S.C. § 2254 must(b)(1)(A). This means he must have fairly presented his federal claim(s) in each appropriate state court, including the state's highest court, thereby alerting the court to the federal nature of the claim. *Baldwin v. Reese,* 541 U.S. 27, 29 (2004).

## DISCUSSION

In the petition *sub judice*, Gardner makes the following claims: (1) His rights under the Confrontation Clause of the Sixth Amendment were violated by allowing the DV proceedings into evidence; (2) His Sixth Amendment right to effective assistance of counsel was violated when his counsel failed to move to suppress evidence and improperly conceded that DNA evidence at trial showed he was a possible contributor to seamen found on Sasser's body; and (3) He was denied due process and a fair trial due to prosecutorial misconduct, not being allowed to present "other suspect

evidence, and cumulative error. There are multiple grounds within these broad categories of claims. The only ground the respondent concedes was exhausted was is that Gardner was denied ineffective assistance of counsel due to the failure to move to suppress evidence involving property at his cabin. The claims will be discussed in order.

**(1) Sixth Amendment Confrontation Clause**

Gardner contends his Sixth Amendment right to confront the witnesses against him was violated when the DV proceedings were admitted into evidence. The trial court had concluded that although the DV proceedings were otherwise inadmissible hearsay, they had "guarantees of trustworthiness" equivalent to other recognized hearsay exceptions and were therefore admissible under Alaska Evidence Rule 804(b)(5). The Alaska Court of Appeals found that the trial court had erred on this point. Specifically, found the trial court's analysis dubious, and that the DV proceedings were "probably not admissible under Alaska Evidence Rule 804(b)(5)." In so concluding, the Alaska Court of Appeals relied on one of its own cases – *Ryan v. State,* 899 P.2d 1371, 1378 n.4 (Alaska App. 1995) – for an analysis of the trial court's favorable comparison of the "excited utterance" exception to the hearsay rule to the stress of a petitioner's testimony in a DV proceeding. Plainly, the Alaska Court of Appeals relied on state law in reviewing the application of Alaska Evidence Rule 804(b)(5). Gardner posits that because *Ryan* drew from federal decisional law the Alaska Court of Appeals engaged in a Sixth Amendment Confrontation Clause analysis. This is not, strictly speaking, correct. The fact that state law decisional law borrows from federal decisional law does not convert it from state law to federal law. On the other hand, it would be accurate to say that all hearsay rules of evidence find their basis in the Sixth Amendment's Confrontation Clause, if only implicitly so as to do no harm to it.

The actual issue here is whether Gardner actually presented the Confrontation Clause issue to the Alaska Court of Appeals and the Alaska Supreme

Court. He has made no such showing. Rather, his argument amounts to an attempt to bootstrap the Alaska Court of Appeals' highly attenuated reliance on federal law as part of their state law rule of evidence analysis and turn it into such a presentation. His position is not tenable. In *Jerry Lee Douglas,* 3:03-00221-cv-JWS-JDR (docket No. 94 p.4) this court found: "The Ninth Circuit has held that citation to a federal case 'involving the legal standard for a federal constitutional violation is sufficient to establish exhaustion'" (Citing *Castillo v. McFadden,* 399 F.3d 993, 999 (9th Cir. 2005). There is no authority for the proposition that a claim is fairly "presented" because of a state court's analysis of a state rule of evidence which relies on state decisional law which in turn relied on federal law. This also shows the lack of merit in Gardner's attempt to bootstrap the Alaska Court of Appeals decision into a justification for not presenting the confrontation clause issue to the Alaska Supreme Court because: "It would be absurd to require Mr. Gardner to challenge an issue already decided in his favor by the court of appeals". This would only be true if Gardner had fairly presented a Sixth Amendment/Confrontation Clause claim to the Alaska Court of Appeals. Not having done so he cannot now prevail by his argument that such a claim was decided in his favor and therefore it was not necessary to present it to the Alaska Supreme Court. Gardner makes no other showing that he presented the issue to the Alaska Supreme Court. Thus, the respondents motion to dismiss on the grounds that Gardner failed to exhaust his Sixth Amendment claim should be granted.

Next, the court addresses the respondent's contention that Gardner also failed to exhaust his other ground for his Sixth Amendment claim, specifically, his claim that the Alaska Court of Appeals applied an incorrect harmless error standard. The Alaska Court of Appeals held that although the DV evidence was inadmissible hearsay, its admission into evidence "was harmless error beyond a reasonable doubt". In the instant petition Gardner claims the Alaska Court of Appeals erred in its application of

the harmless error beyond a reasonable doubt standard established in *Chapman v. California,* 386 U.S. 18 (1967).  The respondent contends that Gardner's petition to the Alaska Supreme Court cited to no federal authority; but rather only to *Wyatt v. State,* 981 P.2d 109, 115 (Alaska 1999).  In and of itself, this is of no avail to the respondent because, as discussed *supra,* in *Jerry Lee Douglas,* 3:03-00221-cv-JWS-JDR (docket No. 94 p.4) this court found: "The Ninth Circuit has held that citation to a federal case 'involving the legal standard for a federal constitutional violation is sufficient to establish exhaustion'" (Citing *Castillo v. McFadden,* 399 F.3d 993, 999 (9th Cir. 2005).  The pertinent part of *Wyatt* cites to *Chapman.*  Ergo, the harmless error ground of Gardner's Sixth Amendment/Confrontation Clause claim was fairly presented to the Alaska Supreme Court.  This is, however, a hollow victory for Gardner.  It would be pointless to allow the harmless error ground to proceed given that the underlying Confrontation Clause ground for the Sixth Amendment claim must be dismissed.  In other words, there is no Sixth Amendment Confrontation Clause claim to litigate.  To hold otherwise would constitute a hyper-technical reading of *Castillo* which would turn the law on its head by allowing a bootstrap rescue of an unexhausted claim through a ground that was exhausted in such an attenuated way.  Thus, the Sixth Amendment Claim should be dismissed.

**2. Ineffective Assistance of Counsel**

The respondent urges that Gardner did not exhaust his ineffective assistance of counsel claim which is grounded on his lawyer's failing to challenge the state's DNA evidence.  According to the respondent, although Gardner fairly presented his federal claim to the Alaska Court of Appeals, in his petition to the Alaska Supreme Court "Gardner omitted any reference to federal law or that he was basing the claim on his federal right to effective assistance of counsel."  True, Gardner did not cite to federal authority in support of this claim ("POINT 6") of his *pro se* petition to the Alaska

Supreme Court. He did however, cite to *Strickland v. Washington,* 466 U.S. 668 (1984) in discussing another ineffective assistance of counsel claim at "POINT 2" of that petition. Gardner directs the court to the Ninth Circuit's teaching that a habeas petition from a state prisoner may be viewed more leniently for exhaustion purposes than a petition drafted by counsel. *Fields v. Waddington,* 401 F.3d 1018, 1021 (9th Cir. 2005). Here the two points of appeal were separated by three other points and two pages. Nonetheless, the leniency due a *pro se* petitioner makes the connection of the legal bases of the claims as a fair reading of the petition as a whole. Thus, Gardner exhausted this claim and the respondent's motion to dismiss should be denied as to it.

**3. Due Process, Fair Trial Fourteenth Amendment Violations**

Gardner does not dispute the respondent's argument that he did not fairly present as federal claims to the Alaska Court of Appeals and Alaska Supreme Court his claim that there was prosecutorial misconduct due to violating a protective order and vouching for a witness. Ergo, that claim should be dismissed. Gardner also does not dispute that respondent's argument that he did not alert the Alaska Supreme Court to the federal nature of his denial of a right to put on a defense claim. Ergo, it should be dismissed. Finally, the respondent moves to dismiss Gardner's cumulative error claim. The respondent claims, and Gardner does not dispute, that although Gardner submitted this claim to the Alaska Supreme Court he did not submit it to the Alaska Court of Appeals. Gardner responds that a claim of cumulative error is not subject to exhaustion requirements. There is no authority supporting Gardner's position that exhaustion of a cumulative error claim is not required. Therefore, because he failed to submit this claim to the Alaska Court of Appeals it should be dismissed.

**CONCLUSION**

For the foregoing reasons the respondent's motion at docket No. 16 to dismiss Mr. Gardner's amended petition for writ of *habeas corpus* pursuant to 28 U.S.C.

§ 2254 should be **GRANTED in part** and **DENIED in part.** It should be granted as to ground 1 (Confrontation Clause claim), and ground three (Due Process claim). It should be denied as to ground 2 (Sixth Amendment ineffective assistance of Counsel Claim).

DATED this 24th day of September, 2007, at Anchorage, Alaska.

   /s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge

Pursuant to Federal Rule of Civil Procedure 72(b), a party seeking to object to this proposed finding and recommendation shall file written objections with the Clerk of Court no later than **the close of business on October 11, 2007**. The failure to object to a magistrate judge's findings of fact may be treated as a procedural default and waiver of the right to contest those findings on appeal. McCall v. Andrus, 628 F.2d 1185, 1187-1189 (9th Cir.), cert. denied, 450 U.S. 996 (1981). The Ninth Circuit concludes that a district court is not required to consider evidence introduced for the first time in a party's objection to a magistrate judge's recommendation United States v. Howell, 231 F.3d 615 (9th Cir. 2000). Objections and responses shall not exceed **five (5) pages** in length, and shall not merely reargue positions presented in motion papers.

Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and authorities in support.  Response(s) to the objections shall be filed **no later than the close of business on October 25, 2007**.

Reports and recommendations are not appealable orders.  Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1) should not be filed until entry of the district court's judgment.  See Hilliard v. Kincheloe, 796 F.2d 308 (9th Cir. 1986).