**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| EDWARD Y. GARDNER,<br><br>    Petitioner,<br> vs.<br><br>FRANK LUNA,<br><br>    Respondent. | 3:06-cv-00259-RRB-JDR<br><br>**FINAL RECOMMENDATION<br>REGARDING RESPONDENT'S<br>MOTION TO DISMISS**<br><br>(Docket No.16) |

   The Magistrate Judge has reviewed the petitioner's objections and the respondents response thereto concerning his recommendation that the respondent's motion to dismiss at docket No. 16 be granted in part and denied in part. (Docket Nos. 40 and 41). Nothing in said briefing would cause the Magistrate Judge to modify his initial recommendation. A few comments, however, are in order.

   First, Gardner urges that it was erroneous to conclude that he did not fairly present his Sixth Amendment Confrontation Clause claim to the Alaska Court of Appeals and the Alaska Supreme Court. He contends that the Alaska Court of Appeals considered his federal Confrontation Clause claim *sua sponte*. Ergo, he continues, according to *Jones v. Dretke,* 375 F.3d 352, 354-355 (5th Cir. 2004) the claim was exhausted. The respondent counters that the Alaska Court of Appeals did not consider the claim *sua sponte*. Conspicuously absent from Gardner's brief is a specific reference to the state court record in this regard. A review of the Alaska Court of Appeals' memorandum opinion and judgment does not reveal any mention of the Sixth

1

Amendment's Confrontation Clause. Rather, the Alaska Court of Appeals *sua sponte* consideration was of Alaska Rule of Evidence 804 (hearsay) and its attendant exceptions. As to Gardner's other objections, they constitute a rehash of matters adequately discussed in the initial recommendation.

Additionally, Gardner contends that the Alaska Court of Appeals application of the harmless error standard in reviewing the erroneously admitted testimony in question means that it must have considered the Sixth Amendment's Confrontation Clause because that is the legal standard for review of the Confrontation Clause. There is court is aware of no Alaska decisional law which teaches that the harmless error standard employed in Gardner's case is limited to the such Sixth Amendment issue.

## CONCLUSION

For the foregoing reasons the Magistrate Judge declines to modify his recommendation that the respondent's motion at docket No. 16 to dismiss Mr. Gardner's amended petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 should be **GRANTED in part** and **DENIED in part.** It should be granted as to ground 1 (Confrontation Clause claim), and ground three (Due Process claim). It should be denied as to ground 2 (Sixth Amendment ineffective assistance of Counsel Claim).

DATED this 5th day of November, 2007, at Anchorage, Alaska.

/s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge