G. Blair McCune
Attorney at Law
425 G St., Suite 620
Anchorage, Alaska  99501-2137
Tel. (907) 644-8568
Fax (907) 644-9008
E-mail: mccune@gci.net

Attorney for Petitioner

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| EDWARD Y. GARDNER,             ) | |
| ) | Case No. 3:06-cv-00259-RRB-JDR |
| Petitioner,       ) | |
| ) | **MOTION FOR STAY AND** |
| vs.                        ) | **ABEYANCE OF HABEAS CORPUS** |
| ) | **PETITION PROCEEDINGS** |
| FRANK LUNA,                       ) | |
| ) | |
| Respondent.       ) | |
| _____) | |

Petitioner Edward Y. Gardner, by counsel, G. Blair McCune, Attorney at Law, moves this court to enter a "stay and abeyance" order staying proceedings on Mr. Gardner's petition for habeas corpus under 28 U.S.C. § 2254 and holding them in abeyance.  A stay and abeyance order would allow Mr. Gardner to return to the State of Alaska courts to exhaust remedies on the unexhausted grounds raised in his petition and amended petition.  (Docket Nos. 1 and 13)

Undersigned counsel discussed his intention to file this motion with Respondent's attorney.  Understandably, Respondent's attorney informed counsel that he wanted to review this motion before taking a position on behalf of the Respondent.

## I. LEGAL STANDARDS FOR STAY AND ABEYANCE ORDERS

The reason Mr. Gardner is requesting a stay and abeyance order is because this court granted in part and denied in part Respondent's motion to dismiss for failure to exhaust state court remedies. (Docket No. 43) Mr. Gardner's confrontation clause and due process clause claims were found to be unexhausted, while his sixth amendment ineffective assistance of counsel claim was found to be exhausted. (*Id.*) This order leaves Mr. Gardner with a "mixed petition."

In *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528 (2005), the United States Supreme Court held that, when district courts are confronted with a "mixed petition" containing both exhausted and unexhausted claims, the courts may enter a "stay and abeyance" order. *Id.*, 544 U.S. at 278, 125 S.Ct. at 1535. The Court described the stay and abeyance procedure as follows:

> Under this procedure, ... a district court might stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. Once the petitioner exhausts the state remedies, the district court will lift the stay and allow the petitioner to proceed in federal court.

*Id.*, 544 U.S. at 278, 125 S.Ct. at 1535. The Court held that stay and abeyance should be available "only in limited circumstances." Stay and abeyance is only available if the court determines there was "good cause" for failure to exhaust. Also claims that are "plainly meritless" should not be stayed. Finally, a mixed petition should not be stayed indefinitely. Instead, "reasonable time limits" should be set on "a petitioner's trip to state court and back." *Id.*, 544 U.S. at 277-78, 125 S.Ct. at 1535.

The Court summarized the requirements for stay and abeyance in the following paragraph. (Mr. Gardner is breaking the requirements out into three elements.):

> ... it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition
>
> [1] if the petitioner had *good cause* for his failure to exhaust,
>
> [2] his unexhausted claims are *potentially meritorious*, and
>
> [3] there is *no indication* that the petitioner engaged in intentionally *dilatory litigation tactics*.

*Id.*, 544 U.S. at 278, 125 S.Ct. at 1535 (emphasis added).

The Ninth Circuit reviewed the *Rhines v. Weber* stay and abeyance procedures in *Jackson v. Roe*, 425 F.3d 654 (9th Cir. 2005). First, the Ninth Circuit held that it was no longer necessary to follow the "three-step procedure" in effect prior to *Rhines v. Weber*. *Jackson*, 425 F.3d at 661 n.10. Because the Supreme Court set out more streamlined procedures in *Rhines*, the court held that a petitioner could apply for stay and abeyance following the *Rhines* procedures rather than the older, more complicated Ninth Circuit procedures. *Id.* Second, the Ninth Circuit held that a petitioner did not have to show "extraordinary circumstances" to demonstrate "good cause" for a stay and abeyance. "Good cause" is a less stringent standard than extraordinary circumstances. *Jackson*, 425 F.3d at 662.

Mr. Gardner will now demonstrate that the three elements for a stay and abeyance order are met in his case.

## II. A STAY AND ABEYANCE ORDER SHOULD BE GRANTED IN MR. GARDNER'S CASE

### A. There Is "Good Cause" for Stay and Abeyance

To establish good cause, Mr. Gardner relies on the actions (or omissions, in this case) of the attorney who represented him on appeal before the Alaska Court of Appeals in *Gardner v. State*, No. A6681, 2000 WL 799341 (Alaska App. June 20 1, 2000) ("*Gardner I* ").

3

In the present habeas corpus petition proceeding, this court found, based on the Magistrate Judge's recommendation, that Mr. Gardner did not exhaust state court remedies because in *Gardner* the Alaska Court of Appeals did not *sua sponte* decide the case based on the confrontation clause of the sixth amendment to the United States Constitution. (Docket No. 43 and Docket No. 16 (Final Recommendation))

The reason Mr. Gardner relied on the doctrine that exhaustion cannot be found if an issue is addressed by a state court *sua sponte* was because of Mr. Gardner's former attorney's inadequate briefing in *Gardner I*. The Alaska Court of Appeals noted this inadequate briefing in *Gardner I* when it found that Mr. Gardner's attorney's briefing of the Alaska Evidence Rule 804(b)(5) issue was "completely inadequate." *Gardner I*, 2000 WL 799341 at *4. The court came close to refusing to address the hearsay issues but decided to consider them "in the interests of justice." *Id.* Based on the Alaska Court of Appeals' conclusion that briefing was completely inadequate and after reviewing the briefing itself, undersigned counsel did not believe he could argue that Mr. Gardner's attorney exhausted the confrontation clause claim in *Gardner I*.

However, it is clear that the issue was adequately raised in the initial state trial court, the Superior Court, Third Judicial District at Palmer, in *State v. Gardner*, No. 3PA-95-2444 CR ("*3PA-95-2444*"). Respondent does not allege that Mr. Gardner's attorney in *3PA-95-2444* failed to exhaust the confrontation clause claim in the trial court. In fact, Mr. Gardner's trial court attorney did adequately raise both the confrontation clause and the Evidence Rule 804(b)(5) issues. Counsel has attached to this motion Mr. Gardner's trial court attorney's *Opposition to State's Intention to Introduce Court Documents and Testimony of Teresa Sasser from Case 3PA-94-587 DV* as Exhibit A. On pages 1-3, Mr. Gardner's attorney explicitly

4

invoked Mr. Gardner's constitutional right to confront and cross-examine witnesses against him. Mr. Gardner argued that any hearsay must meet the requirements of the confrontation clause and cited *Ohio v. Roberts*, 448 U.S. 56 (1980).  Mr. Gardner's also explicitly cited the sixth amendment in her argument on Evidence Rule 804(b)(5) at page 9.

Mr. Gardner's appellate attorney before the Alaska Court of Appeals in *Gardner I* needed only have copied and pasted several of the well-pleaded paragraphs of the trial court attorney's *Opposition* in *3PA-95-2444* in order to have exhausted the confrontation clause claim in the Alaska Court of Appeals.

In this motion, Mr. Gardner is certainly not raising a frivolous claim that his attorney's actions or omissions constitute "good cause" for a stay and abeyance.  As noted above, the Alaska Court of Appeals in *Gardner I* found the briefing of his appellate counsel to be "completely inadequate."  On appeal, Mr. Gardner certainly desired to raise the confrontation clause claim which is trial court attorney had so skillfully raised below.  Appellate counsel's failure to raise the issue constitutes "good cause" for a stay and abeyance order.

As noted above, Mr. Gardner does not need to establish "extraordinary circumstances."  Based on the argument above, has met the less stringent standard of "good cause."

### B.  Mr. Gardner's Claims Are Potentially Meritorious

If Mr. Gardner's sixth amendment confrontation clause claim is exhausted, he has a potentially meritorious claim that these rights were violated.  Mr. Gardner alleged in his amended petition that the Alaska Court of Appeals actually decided his confrontation clause claim and that the court of appeals' error was in applying the harmless error beyond a reasonable doubt standard.  (Docket No. 13 at 5-7)  This court rejected Mr. Gardner's argument.

5

Therefore, if a stay is granted, Mr. Gardner will have to request that the Alaska courts review the hearsay evidence to determine if a confrontation clause violation occurred.

Mr. Gardner has a strong claim of a confrontation clause violation. As the Alaska Court of Appeals found in *Gardner I*, Alaska Evidence Rule 804(b)(5) is a "residual" hearsay exception. Mr. Gardner can convincingly argue that this residual hearsay exception is not a "firmly rooted" hearsay exception under *Ohio v. Roberts*, *supra.* Mr. Gardner can also convincingly argue that there were insufficient "guarantees of trustworthiness" under *Roberts*, for the evidence to survive a confrontation clause analysis. In fact, Alaska Court of Appeals found that it did not "seem" that guarantees of trustworthiness were present in the hearsay presented against him at trial. *Gardner I*, 2000 WL 799341 at *4.

Therefore, Mr. Gardner's confrontation clause claim is potentially meritorious and his stay and abeyance request should not be denied on the grounds that his claims are plainly meritless.

### C.  Mr. Gardner Is Not Engaging in Dilatory Litigation Tactics

Finally, there is no indication that Mr. Gardner is engaging in dilatory litigation tactics. As set out in his amended petition, Mr. Gardner actively pursued all his claims in state court before presenting them to this court. (Docket No. 13 at 2-5)  Unfortunately, the briefing was inadequate at one stage of the one state court proceeding. Mr. Gardner had no control or acquiescence in the inadequate briefing.

There is no indication that Mr. Gardner is requesting a stay and abeyance other than out of pure necessity to exhaust state court remedies and to vindicate his right to raise an important confrontation clause claim in federal court. This motion cannot be denied based on dilatory litigation tactics.

III. CONCLUSION

In this motion for stay and abeyance, Mr. Gardner's attorney has argued that a stay and abeyance order should be granted so that Mr. Gardner has an opportunity to exhaust his confrontation clause claim in the Alaska State courts. Counsel has not addressed the due process claims and has, instead, concentrated on the confrontation clause claims, which in counsel's opinion present a stronger case for a stay and abeyance order.

Based on the foregoing argument and authority, a stay and abeyance order should be entered.

If this court enters the order for stay and abeyance, Mr. Gardner's requests an adequate period of time to address his claims in state court. Counsel has had experience with the time it takes to have Alaska courts consider post-conviction relief applications. This appears to be the process Mr. Gardner will need to use to have his claims heard. Based on this experience, Mr. Gardner requests that the stay and abeyance be in effect for six months from the date of this court's order if a stay and abeyance is granted.

DATED at Anchorage, Alaska December 20, 2007.

RESPECTFULLY SUBMITTED,

_____s/ G. Blair McCune_____
G. BLAIR McCUNE
Attorney for Petitioner
425 G St., Suite 620
Anchorage, Alaska  99501-2137
Tel. (907) 644-8568
Fax (907) 644-9008
E-mail: mccune@gci.net
Alaska Bar No. 7906037

Certification

I certify that on December 20, 2007 a copy of the
**MOTION FOR STAY AND ABEYANCE OF**
**OF HABEAS CORPUS PETITION PROCEEDINGS**
was served electronically on:

Mr. Kenneth M. Rosenstein
Assistant Attorney General
Attorney for Respondent


　　 s/ G. Blair McCune
Attorney at Law
Attorney for Petitioner