IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT IN PALMER

STATE OF ALASKA,            )
                            )
       Plaintiff,       )
                            )
vs.                         )
                            )
EDWARD GARDNER,             )
                            )
       Defendant.       )
_____)

Case No.   3PA-S95-2444Cr

**OPPOSITION TO STATE'S INTENTION TO INTRODUCE COURT DOCUMENTS AND TESTIMONY OF TERESA SASSER FROM CASE 3PA-94-587DV**

<u>VRA CERTIFICATION</u>
I certify that this document and its attachments do not contain (1) the name of a victim of a sexual offense listed in AS 12.61.140 or (2) a residence or business address or telephone number of a victim of or witness to any crime unless it is an address used to identify the place of the crime or it is an address or telephone number in a transcript of a court proceeding and disclosure of the information was ordered by the court.

As a part of Mr. Gardner's Motion for Protective Orders Mr. Gardner argued that this Court should enter an order forbidding the state from introducing statements from or evidence of a domestic violence restraining order Ms. Sasser obtained against Mr. Gardner more than one year before her death. Memorandum in Support of Protective Order at 17-18. The state, apparently at around the same time, filed a pleading stating its intention to introduce Ms. Sasser's testimony as well as the orders in 3PA-94-587 DV, claiming that such evidence would be allowed under the rules of evidence. Entering such orders or testimony before the jury in Mr. Gardner's murder case would be contrary to the

OFFICE OF PUBLIC ADVOCACY
900 West 5th Avenue, Suite 525
Anchorage, Alaska 99501
Phone: (907) 274-1684 • Fax (907) 274-8816

rules of evidence and would violate Mr. Gardner's constitutional right to confront and cross examine the witnesses against him.

## I. Introduction

Hearsay is generally inadmissible at a trial or hearing because it is

> from the very nature of it attended with . . . doubts and difficulties[.]  A person who relates a hearsay [account] is not obliged to enter into any particulars, to answer any questions, to solve any difficulties, to reconcile any contradictions, to explain any obscurities, [or] to remove any ambiguities; he entrenches himself in the simple assertion that he was told so, and leaves the burden [of explanation] entirely on his dead or absent author.

Ryan v. State, 899 P.2d 1371, 1373 (Alaska App. 1995)(quoting, Coleman v. Southwick, 9 Johns. 45, 50 (N.Y. 1812), quoted in, Wigmore, section 1362, Vol. 5, pp. 6-7)).

There are, however, exceptions to the rule precluding the introduction of hearsay into evidence.  In criminal cases any proposed hearsay must be admissible not only under the rules of evidence establishing exceptions to hearsay, it must also meet the requirements of the Confrontation Clauses under the United States and Alaska Constitutions.  See, e.g., Ryan, 899 P.2d at 1375.  Where the hearsay statement does not fall within a "firmly rooted hearsay exception" the statement "must be excluded, at least absent a showing of particularized guarantees

of trustworthiness." <u>Ohio v. Roberts</u>, 448 U.S. 56, 66 (1980). <u>See also</u> <u>Ryan v. State</u>, 899 P.2d at 1375.

## II. Evidence Rule 804(b)(1)

The state suggests that Ms. Sasser's statements in relation to the 1994 case in which she obtained a domestic violence restraining order based on ex parte hearings would be admissible under Rule 804(b)(1) which allows admission of out-of-court statements which consist of

> [t]estimony given as a witness at another hearing of the same or a different proceeding . . . if the party against whom the testimony is now offered . . . had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

Ms. Sasser's testimony does not meet the requirements of Rule 804(b)(1). First, the state, without citing authority contends that simply because Mr. Gardner was given notice of the June 14, 1994, hearing had the opportunity to cross examine Ms. Sasser. There were two hearings relating to 3PA-94-587 DV, one May 31, 1994, and one June 14, 1994. Mr. Gardner was <u>not</u> served with notice of the May 31, 1994, hearing. There can be no argument that he had an opportunity to cross-examine Ms. Sasser at that time. Although the state contends that Mr. Gardner was given notice of the June 14, 1994, hearing arguing that he therefore had an opportunity to cross examine at that point, no proof of service has been provided. Nonetheless, whether or not Mr. Gardner was given notice of the June 14,

3

hearing is immaterial. Mr. Gardner at the time was not represented by counsel nor was he present at the June 14, 1994, hearing and therefore he did not have the opportunity to cross-examine Ms. Sasser.

Second, Mr. Gardner certainly did not have a similar motive to develop testimony at the 1994 DV hearings. In May and June, 1994, all that was at stake was whether or not Mr. Gardner would be allowed to contact Ms. Sasser, whereas now what is at stake is essentially Mr. Gardner's life. In May and June of 1994 Mr. Gardner was not accused by the state of any criminal conduct. At this time he is indicted for murder.

Whether or not Mr. Gardner was actually served with notice of the June 14, 1994, hearing, he has not waived his right to confront and cross-examine Ms. Sasser.

Third, Rule 804(b)(1) is not a firmly rooted exception to the hearsay rule and therefore Ms. Sasser's statements must demonstrate particularized guarantees of trustworthiness to satisfy the Confrontation Clauses of the United States and Alaska Constitutions. U.S. Const. Sixth Amendment; Alaska Const. Art. I, section 11. See Ryan, 899 P.2d at 1375.

Simply because someone testifies does not mean that his or her statements are reliable or trustworthy. This is particularly the case when someone's testimony is unquestioned or untested through cross-examination. See, e.g., Ryan, 899 P.2d at 1373. Untested statements made in the course of

obtaining a domestic violence restraining order are particularly untrustworthy. Domestic violence writs are sought in a time of high emotion. There may be ulterior motives present when a party seeks a DV writ which may cause the person to tell a lie or at the very least to exaggerate. An ulterior motive may be to gain a better position in a custody or property dispute. In addition, many times testimony is taken from one party while the other party is not represented and/or not there to question the petitioner's statements.

In the instant case Ms. Sasser's statements were made to a magistrate without cross-examination in an attempt to keep Mr. Gardner away from her and her house. At the time Ms. Sasser was seeking a divorce and, according to the state, involved in a property dispute with Mr. Gardner and his mother.

Ms. Sasser's statements do not come close to falling within Evidence Rule 804(b)(1) as the state suggests.

### III. Evidence Rule 803(8)(a)

Rule 803(8)(a) provides that

> records, reports, statements, or data compilations in any form of a public office or agency setting forth its regularly conducted and regularly recorded activities, or matters observed pursuant to a duty imposed by law and as to which there was a duty to report, or factual findings resulting from an investigation made pursuant to authority granted by law.

Exceptions to 803(8)(a) are listed in 803(8)(b).

5

Exh. A, Pg 5



(1135)

It appears that the state believes that it could admit Ms. Sasser's testimony as well as the factual findings of the magistrate in 3PA-94-587 DV in Mr. Gardner's trial under Evidence Rule 803(8)(a).

Testimony at a hearing in which one party testifies against her spouse in order to get a domestic violence restraining order is not a record or report or statement or data compilation of a public office "setting forth its regularly conducted and regularly recorded activities" within the meaning of the rule. If that were the case, any party could take the testimony of practically any person at practically any proceeding and present it as evidence at a subsequent hearing or trial because, under the state's apparent reasoning, any statement made in court would be a statement taken in the regularly conducted and regularly recorded activities of the Alaska Court System. Such a proposition is preposterous. The state's reading of Evidence Rule 803(8) would render the hearsay rule meaningless if taken to its logical extreme (which it attempts to do in this case.)

Further, the magistrate's "factual findings" in 3PA-94-587 DV are not the type contemplated as being admissible under this rule. Findings in a domestic violence case where one party goes to court to testify against a spouse or other person is not "an investigation made pursuant to authority granted by law." There is no investigation conducted. As in many DV cases, in 94-587 DV one party, Ms. Sasser testified against another party without

being cross-examined and without calling independent witnesses. Her untested statements and the magistrate's preliminary findings are not admissible under Evidence Rule 803(8)(a).

In addition, because evidence rule 803(8) is not a firmly rooted hearsay exception Ms. Sasser's statements must demonstrate particularized guarantees of trustworthiness to satisfy the Confrontation Clauses of the United States and Alaska Constitutions. U.S. Const. Sixth Amendment; Alaska Const. Art. I, section 11. See also Evidence Rule 803(b)(v). For the reasons argued above, Ms. Sasser's untested and uncorroborated testimony at the 94-597 DV proceedings can not be said to be particularly trustworthy.[1]

---

[1] The state cites Huggins v. State, 659 P.2d 613 (Alaska App. 1982) and Byrne v. State, 654 P.2d 794 (Alaska App. 1982) for authority supporting its interpretation of Rule 803(8). However, those cases involved admitting the breathalyzer packet in driving while intoxicated cases. The Court of Appeals' reasoning in allowing evidence of the calibration of the breathalyzer, certification of ampoules etc., had to do with the fact that these records were prepared in the regular course of business before any particular case would arise in which they might be used. Therefore, the court reasoned, to interrupt public business to require personal testimony on such issues would serve no purpose. The defendants' right to confront and cross examine would not be violated in such a case because he can call witnesses to testify to the inaccuracies or vagaries of the testing procedure. Huggins, 659 P.2d at 616-617.

These cases are completely inapposite. They do not involve the admission into evidence of untested, disputed, controversial sworn statements made at a proceeding in which one party to a domestic dispute makes statements regarding the other unrepresented, absent party.

OFFICE OF PUBLIC ADVOCACY
900 West 5th Avenue, Suite 525
Anchorage, Alaska 99501
Phone: (907) 274-1684 • Fax (907) 274-8816

### III. The Residual Hearsay Exceptions: 803(24) and 804(b)(5)

The state argues that Ms. Sasser's statements and the orders in 3PA-94-587 DV are admissible under 803(24) and 804(5) which allow hearsay to be admitted where they have

> equivalent circumstantial guarantees of trustworthiness, if the court determines that (a) the statement is offered as evidence of a material fact; (b) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; (c) the general purposes of these rules and the interest of justice will best be served by admission of the statement into evidence.

Trial judges have been warned that the residual clauses should be used to admit hearsay "'only on rare occasions.'" Ryan, 899 P.2d at 1374 (citation omitted). See also Brandon v. State, 778 P.2d 221, 227 (Alaska App. 1989).

In the instant case, Ms. Sasser's statements in relation to 3PA-94-587 DV are not offered as evidence of a material fact and are not probative of anything. Whether or not Mr. Gardner threatened a puppy and whether or not he threatened Ms. Sasser in early 1994, is simply immaterial to her death in July 1995, more than one year later. The evidence rules and justice can not be served by admitting irrelevant, questionable, untested, and highly prejudicial evidence at Mr. Gardner's murder trial.

There are no "exceptional circumstances" indicating that Ms. Sasser's statements made in relation to a restraining order in May and June of 1994, "have guarantees of trustworthiness

equivalent to or exceeding the guarantees reflected by the presently limited exceptions, and to have a high degree of probativeness." Evidence Rules Commentary 803(23). <u>See also</u> <u>Ryan v. State</u>, 899 P.2d 1371 (sexual assault conviction reversed where trial court admitted dead victim's statements regarding assault at grand jury and trial under residual hearsay exception). Admission of such testimony at Mr. Gardner's trial would be in violation of the rules of evidence as well as the United States and Alaska Constitutions. U.S. Const., Sixth Amendment; Alaska Const., Art. I, section 11. <u>See</u>, <u>e.g.</u>, <u>Ryan</u>, 899 P.2d 1371.

DATED this 18th day of November, 1996 at Anchorage, Alaska.

OFFICE OF PUBLIC ADVOCACY

Donna J. McCready
Assistant Public Advocate

This is to certify that a copy of the foregoing is being mailed/delivered to: _faxed_
to State

on: 11/18/96 By: [signature]



9

Exh. A, Pg 9