Kenneth M. Rosenstein
Assistant Attorney General
Office of Special Prosecutions and Appeals
310 K Street, Suite 308
Anchorage, Alaska 99501
Telephone: (907) 269-6250
Facsimile: (907) 269-6270
Email: ken.rosenstein@alaska.gov

Attorney for Respondent

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| EDWARD Y. GARDNER,<br><br>  Petitioner,<br><br>vs.<br><br>FRANK LUNA,<br><br>  Respondent. | Case No. 3:06-cv-259-RRB-JDR<br><br>OPPOSITION TO MOTION<br>FOR STAY AND ABEYANCE |

Gardner has moved for a stay of his habeas case so that he can pursue state court remedies with respect to his unexhausted habeas claims. [Docket 45] This court has dismissed two of Gardner's three claims, ruling that he failed to exhaust his state court remedies. [Docket 43] The first of the dismissed claims alleged that Gardner's confrontation rights were violated by the introduction at his trial of statements made by Teresa Sasser, his victim, at two court hearings in which she sought domestic violence restraining orders against him. [Am. Pet. 5 ff.] The second of the dismissed claims alleged that

Gardner's rights to due process and a fair trial were violated by (1) the prosecutor's misconduct in purportedly violating protective orders and vouching for David Brasseur, who Gardner claimed was the real killer, (2) the trial court's exclusion of evidence relating to Brasseur, and (3) the cumulative effect of various errors. [Am. Pet. 10-11] The respondent opposes Gardner's motion.

"[I]n limited circumstances," a district court has the discretion to stay a habeas case when the petitioner has shown good cause for his failure to exhaust state court remedies and where the unexhausted claims are not "plainly meritless." *Rhines v. Weber*, 544 U.S. 269, 277, 125 S.Ct. 1528, 1535 (2005). In addition, the record must be free of any "indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278, 125 S.Ct. at 1535.

A. <u>A stay would be futile because Gardner has procedurally defaulted his claims</u>

Gardner concedes in his motion that he did not present his confrontation claim in his direct appeal to the Alaska Court of Appeals. [*See* Docket 45 at 5] Having failed in that regard, he was barred from presenting his confrontation claim in his state application for postconviction relief because it could have presented in his direct appeal but was not. *See* AS 12.72.020(a)(2) (barring claims that could have been but were not raised on direct appeal). Thus, his only avenue of review was in the context of a claim of ineffective assistance based on his lawyer's failure to present the claim in his direct appeal.

But Gardner made no such claim, and it is now time barred and, therefore, procedurally defaulted.

Under AS 12.72.020(a)(3)(A) requires a defendant to file an application for postconviction relief within one year after the last appellate judgment becomes final. The Alaska Supreme Court denied Gardner's petition for hearing on September 26, 2000, and the court of appeals's judgment in Gardner's direct appeal became final on September 27, 2000. *See* Alaska R. App. P. 507(b), 512(a)(2)[b] (court of appeals judgment final on day after supreme court denies timely petition for hearing).

Gardner thus had until September 27, 2001, to file an application for postconviction relief alleging a claim of ineffective assistance by his direct-appeal lawyer based on the failure to assert a confrontation claim. Gardner timely filed a postconviction relief application, but it did not allege such a claim. *See Gardner*, 2000 WL 799341, *1.

Accordingly, Gardner's confrontation claim is now untimely by more than six years. No procedure exists under Alaska law for Gardner to present this claim at this time.

The same is true of the other claim that Gardner now wants to pursue in state court. He could have assert those claims in his direct appeal. And he also could have asserted the claims as ineffective assistance of counsel

claims in his postconviction relief application. Instead, he did neither, and now, no procedure allows him to do so.

When the state court to which a habeas petitioner would be required to submit his claim to fulfill the exhaustion requirement will not consider the claim because of a state procedural rule, there is a procedural default for federal habeas corpus purposes. *See Coleman v. Thompson,* 501 U.S. 722, 729-33, 111 S.Ct. 2546, 2553-55, 115 L.Ed.2d 640 (1991), *Engle v. Issac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Martinez-Villareal v. Lewis,* 80 F.3d 1301 (9th Cir. 1996); *Forrest v. Vasquez,* 75 F.3d 562, 563-64 (9th Cir. 1996). To avoid the procedural default bar, a habeas petitioner "must show cause for the procedural default and prejudice attributable thereto." *Murray v. Carrier,* 477 U.S. 478, 485, 106 S.Ct. 2639, 2644, 91 L.Ed.2d 397 (1986). Cause is some objective factor external to the defense that impeded presentation of a claim in state court. *Id.* at 488, 106 S.Ct. at 2645. Recognized factors include interference by state officials that prevented compliance with the procedural rule and the unavailability of the factual or legal basis for a claim. *See Martinez-Villareal,* 80 F.3d at 1305.

Nothing prevented Gardner from pursuing his confrontation in state court either in his direct appeal or as a claim of ineffective assistance of appellate lawyer. He thus cannot demonstrate cause for his state procedural

4

default. *See Gray,* 116 S.Ct. at 2080-82. A stay of his habeas case to engage in an act of futility would thus serve no legitimate purpose. His federal habeas claims must be dismissed. *Id.*

    B.    <u>Gardner has not shown good cause</u>

As noted above, *Rhines* requires that Gardner show good cause for his failure to exhaust his claims before this court may grant his request for a stay. *See Rhines*, 544 U.S. at 277, 125 S.Ct. at 1535. Gardner asserts that good cause exists because his lawyer in his state criminal trial raised the confrontation claim, and his appellate lawyer "need[] only have copied and pasted several of the well-pleaded paragraphs" of his trial lawyer's memorandum to present the claim to the Alaska Court of Appeals in his direct appeal. [Docket 45 at 5] Gardner thus all but admits that he did not exhaust his confrontation claim in state court.

Gardner attempts to establish good cause for a stay by implicitly relying on the alleged incompetence of the lawyer in his direct appeal as evidenced by the Alaska Court of Appeals's statement that Gardner's briefing was "completely inadequate" for its failure to address the basis of the trial court's ruling allowing the state to present Sasser's out-of-court statements. *Gardner v. State,* Mem. Op. & J. No. *, 2000 WL 799341, *4 (Alaska App., June 21, 2000). [*See* Docket 45 at 5] This claim of incompetence is notably absent from Gardner's state application for postconviction relief and his habeas petition.

5

Gardner's pro se application asserted a confrontation claim. *Id.*, *1. He fired the lawyer appointed to represent him, who later reentered the case after Gardner and the lawyer resolved their differences. *Id.* When Gardner's claims were finally clarified, they did not include a confrontation-based ineffective-assistance claim. *Id.* at *1-2. This omission does not amount to good cause for Gardner's failure to exhaust.

In *Jackson v. Roe*, the Ninth Circuit held that the standard for determining the good cause necessary to support a request for stay and abeyance is something less than "extraordinary circumstances." *Jackson v. Roe*, 425 F.3d 654, 661 (9th Cir. 2005) (citing *NLRB v. Zeno Table Co*, 610 F.2d 567, 569 (9th Cir.1979)). (Neither the *Roe* nor *Zeno Table* courts elaborated on the good-cause standard, but the court in *Zeno Table* contrasted the purposes of the two standards: the purpose of the extraordinary-circumstance standard is to afford a tribunal the opportunity to bring its expertise to bear on an issue and provide that expertise to a reviewing court; the purpose of the good-cause standard is to insure that a tribunal decides an issue on the merits "despite technical and inadvertent noncompliance with procedural rules." *Zeno Table*, 610 F.2d at 569.)

Gardner's effort to show good faith fails in that he has failed to eliminate the possibility that the failure to present his confrontation claim as an ineffective assistance claim was the product of a tactical or strategic decision on his or his lawyer's part. *See Strickland v. Washington*, 466 U.S. 668, 689, 104

6

S.Ct. 2052, 2065 (1984) (defendant asserting ineffective assistance of counsel must overcome presumption that challenged action might amount to sound strategy).

Moreover, Gardner has made no effort in his motion to establish good cause for his failure to exhaust his due-process and fair-trial claim that he now seeks to exhaust.

In sum, Gardner has failed to make the required showing of good cause.

C.  Gardner's claims lack merit

The two claims that Gardner now seeks to exhaust lack merit, not in the strictly substantive sense, but in the broader sense that he cannot now obtain relief as a result of his procedural default. (This is discussed above in section A.)

D.  If this court grants a stay, it should impose time limits

The Supreme Court cautioned in *Rhines* that a mixed habeas petition "should not be stayed indefinitely." *Rhines*, 544 U.S. at 277, 125 S.Ct. at 1535. A district court "should place reasonable time limits on a petitioner's trip to state court and back." *Id.* at 278, 125 S.Ct. at 1535 (citing with approval *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001) (giving petition 30 days after stay granted to pursue state court remedies and requiring return to federal court within 30 days after conclusion of state proceedings)).

7

If this court were to grant Gardner's motion, it should impose deadlines for his pursuit of state court remedies and his return to this court. In addition, and more important, it should require him to submit periodic status reports regarding the progress of the state court proceedings. This would be in keeping with the policy of the Antiterrorism and Effective Death Penalty Act of 1996 to "reduce delays in the execution of state . . . criminal sentences" and to promote finality of state court judgments. *Woodford v. Garceau*, 538 U.S. 202, 206, 123 S.Ct. 1398, 1401 (2003), *quoted in Rhines*, 544 U.S. at 276, 125 S.Ct. at 1534.

E.   Conclusion

Gardner's motion should be denied. If granted, time limits and status reports should be required.

DATED this 27th day of December, 2007.

TALIS J. COLBERG
ATTORNEY GENERAL

s/ Kenneth M. Rosenstein
   Assistant Attorney General
   Office of Special Prosecutions and Appeals
   310 K St., Suite 308
   Anchorage, Alaska 99501
   Telephone: (907) 269-6250
   Facsimile: (907) 269-6270
   e-mail: ken_rosenstein@law.state.ak.us
   Alaska Bar No. 7605051

## Certificate of Service

I certify that on December 27, 2007 , a copy of the foregoing **Motion for Stay and Abeyance of Habeas Corpus petition Proceedings** was served electronically on **G. Blair McCune**.

s/ **Kenneth M. Rosenstein (7605051)**