Law Offices of Lance C. Wells, P.C.
733 W. 4th Ave, Suite 308
Anchorage, Alaska 99501
Phone: 907/274-9696
Fax: 907/277-9859
E-mail: lwells@gci.net
AK # 9206045

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| EDWARD Y. GARDNER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | |
| FRANK LUNA, ) | |
| ) | |
| Respondant. ) | |
| _____) | Case No. 3:06-cv-00259-RRB-JDR |

## REPLY TO OPPOSITION TO MOTION FOR STAY AND ABEYANCE

COMES NOW petitioner Edward Y. Gardner by and through his attorney of record Lance C. Wells of the LAW OFFICES OF LANCE C. WELLS, P.C., and hereby files his Reply to Respondant's Opposition to Petitioner's Motion for Stay and Abeyance of Habeas Corpus Petition Proceedings.

Petitioner Edward Y. Gardner, by and through his former counsel of record G. Blair McCune, Esq., previously moved for this court to enter a "stay and abeyance" order staying proceedings on Mr. Gardner's petition for habeas corpus under 28 U.S.C. §2254 and holding them in abeyance. The stay and abeyance order will allow Mr. Gardner then to return to the State of

*REPLY TO OPPOSITION TO MOTION FOR STAY AND ABEYANCE*
*Edward Y. Gardner v. Frank Luna*
*Case No. 3:06-cv-00259-RRB-JDR*                                              Page 1 of 6
Case 3:06-cv-00259-RRB   Document 67   Filed 05/27/08   Page 1 of 6

Alaska courts to exhaust remedies on the unexhausted grounds raised in his petition, and amended petition for habeas relief. See docket nos. 1 & 13.

At docket 16, the Hon. Ralph R. Beistline issued its order regarding respondant's motion to dismiss. The court concluded for the reasons carefully articulated by the United States Magistrate Judge at dockets 39 & 42, which were incorporated into the court's order, respondant's motion to dismiss was granted as to petitioner's confrontation clause claim and his due process of law claim, but denied as to petitioner's Sixth Amendment ineffective assistance of counsel claim. See court's order dated November 26, 2007, regarding docket 16.

Mr. Gardner is requesting a stay and abeyance order because this court granted in part, and denied in part, respondant's motion to dismiss for failure to exhaust state court remedies (docket 43). Mr. Gardner's confrontation clause, and due process clause, claims were found to be unexhausted while, as set forth above, his Sixth Amendment ineffective assistance of counsel claims was found to be exhausted. Id. This order leaves Mr. Gardner now with a "mixed petition".

The United States Supreme Court in <u>Rhines v. Weber</u>, 544 U.S. 269, 125 S.Ct. 1528 (2005), held that when district courts are confronted with a "mixed petition" containing both exhausted and unexhausted claims, the court may enter a "stay and

*REPLY TO OPPOSITION TO MOTION FOR STAY AND ABEYANCE*
<u>*Edward Y. Gardner v. Frank Luna*</u>
*Case No. 3:06-cv-00259-RRB-JDR* *Page 2 of 6*
Case 3:06-cv-00259-RRB   Document 67   Filed 05/27/08   Page 2 of 6

abeyance" order. Id., 544 U.S. at 278, 125 S.Ct. at 1535. The court has described the stay and abeyance procedure as follows:

> Under this procedure,...a district court might stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously-unexhausted claims. Once the petitioner exhausts his state remedies, the district court will lift the stay and allow petitioner to proceed in federal court.

Id. 544 U.S. at 278, 125 S.Ct. at 1535.

The court went on to state that stay and abeyance should only be available "in limited circumstances", and that stay and abeyance is only available if the court determines that there was "good cause" for failure to exhaust. Claims that are "plainly meritless" should not be stayed. Lastly, a mixed petition should not be stayed indefinitely. Instead, "reasonable time limits" should be set on "a petitioner's trip to state court and back". Id. 544 U.S. 277-78, 125 S.Ct. at 1535.

The Ninth Circuit has reviewed Rhines v. Weber, stay and abeyance procedures, in the case of Jackson v. Roe, 425 F.3d 654 (9th Cir. 2005). The Ninth Circuit first held that it was no longer necessary to follow the "three-step procedure" in effect prior to Rhines v. Weber. Id. See Jackson, 425 F.3d at 661 n.10. Secondly, the Ninth Circuit held that a petitioner does not have to show "extraordinary circumstances" to demonstrate "good cause for a stay and abeyance". "Good cause" is a less stringent

*REPLY TO OPPOSITION TO MOTION FOR STAY AND ABEYANCE*
*Edward Y. Gardner v. Frank Luna*
*Case No. 3:06-cv-00259-RRB-JDR* *Page 3 of 6*
Case 3:06-cv-00259-RRB   Document 67   Filed 05/27/08   Page 3 of 6

standard than extraordinary circumstances. <u>Jackson</u>, 425 F.3d at 662.

A stay and abeyance order should be granted in Mr. Gardner's case. Mr. Gardner has demonstrated that there is "good cause for stay and abeyance". The basis for Mr. Gardner's good cause has been previously set forth in his motion for stay and abeyance, and is incorporated herein by reference as though fully set forth.

Mr. Gardner furthermore sets forth claims that are potentially meritorious. As can be seen in Mr. Gardner's motion for stay and abeyance, at pp. 5 & 6, he has set forth the basis as to why his claims are meritorious.

Lastly, Mr. Gardner is not engaging in dilatory litigation tactics. There is no indication that Mr. Gardner is engaging in dilatory litigation tactics. Mr. Gardner actively pursued all of his claims in state court or believed they were presented or ruled upon sua sponte by the appeals court in Alaska before presenting them to this court (docket no. 13 at 2-5). Unfortunately, the briefing was inadequate at one state court proceeding. Mr. Gardner had no control, input, contact or acquiescence in the inadequate briefing. It was done without his knowledge or input by court-appointed attorney Randall Cavanaugh. The court of appeals went on to chastise the

*REPLY TO OPPOSITION TO MOTION FOR STAY AND ABEYANCE*
*Edward Y. Gardner v. Frank Luna*
*Case No. 3:06-cv-00259-RRB-JDR*                                Page 4 of 6
Case 3:06-cv-00259-RRB   Document 67   Filed 05/27/08   Page 4 of 6

inadequate briefing done by former counsel on appeal for Mr. Gardner.

Mr. Gardner is requesting a stay and abeyance out of pure necessity in order to exhaust state court remedies, and to vindicate his right to raise an important confrontation clause claim in federal court. This motion cannot be denied based on dilatory litigation tactics by Mr. Gardner.

Mr. Gardner's motion for stay and abeyance should be granted. However, the petition should not be stayed indefinitely. A district court "should place reasonable time limits on a petitioner's trip to state court and back". Id. at 278, 125 S.Ct. at 1535 [citing with approval Zarvela v. Artuz, 254 F.3d 374, 381 (2nd Cir. 2001)(giving petition thirty days after stay granted to pursue state court remedies and requiring return to federal court within thirty days after conclusion of state proceedings.)] This court should impose deadlines for Mr. Gardner's pursuit of his state court remedies, and his return to this court. Furthermore, Mr. Gardner is not opposed to submitting periodic status reports regarding the progress of the state court proceedings.

In conclusion, for the reasons set forth in this reply, and petitioner's motion for stay and abeyance, it is respectfully requested that the motion be granted.

DATED at Anchorage, Alaska, this 27th day of May 2008.

*REPLY TO OPPOSITION TO MOTION FOR STAY AND ABEYANCE*
*Edward Y. Gardner v. Frank Luna*
*Case No. 3:06-cv-00259-RRB-JDR* Page 5 of 6
Case 3:06-cv-00259-RRB   Document 67   Filed 05/27/08   Page 5 of 6

LAW OFFICES OF LANCE C. WELLS, P.C.

By: _/s/ Lance C. Wells_____

Attorneys for petitioner,
Edward Y. Gardner
733 W. 4th Ave, Suite 308
Anchorage, Alaska 99501
Phone: 907/274-9696
Fax: 907/277-9859
E-mail: lwells@gci.net
AK # 9206045

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on
May 27, 2008, a copy
of the foregoing was served
electronically:

Kenneth M. Rosenstein, OSPA

 /s/ Lance C. Wells

*REPLY TO OPPOSITION TO MOTION FOR STAY AND ABEYANCE*
*Edward Y. Gardner v. Frank Luna*
*Case No. 3:06-cv-00259-RRB-JDR* *Page 6 of 6*
Case 3:06-cv-00259-RRB   Document 67   Filed 05/27/08   Page 6 of 6