**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| EDWARD Y. GARDNER,<br><br>            Petitioner,<br>      vs.<br><br>FRANK LUNA,<br><br>            Defendant. | 3:06-cv-00259-RRB-JDR<br><br>**ORDER<br>REGARDING  MOTION  FOR<br>STAY  OF<br>HABEAS  CORPUS  PETITION**<br>(Docket No. 45) |

        This matter is before the court to consider Petitioner Edward Gardner's

motion for stay and abeyance of his habeas corpus petition proceedings.  Docket

No. 45.  Respondent filed an opposition at Docket No. 49.  Gardner submitted a

reply. Docket No. 67.  Upon due consideration the court determines that the

petitioner is entitled to have his federal habeas petition held in abeyance until he can

exhaust his unexhausted claims in state court as long as he proceeds expeditiously

in state court.

        In Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528 (2005) the Supreme

Court held that a federal court in limited circumstances may stay a mixed petition to

allow a petitioner to present an unexhausted claim to a state court for review.  *Id.* at 1535. Under federal habeas practice the doctrine of exhaustion requires a petitioner to present his claims to a state court for review before seeking habeas review in federal court.  28 U.S.C. § 2254(b).  In the instant case Gardner's Sixth Amendment claim of ineffective assistance of counsel has been found by this court to be exhausted.  The court earlier concluded that Gardner's Confrontation Clause and Due Process Clause claims have not been exhausted therefore rendering his habeas petition a mixed petition.

Rhines holds that a district court has discretion in circumstances in which there is good cause for the petitioner's failure to exhaust his claims first in state court to stay a mixed petition to allow the petitioner to present his unexhausted claims to the state court in the first instance.  *Id.* at 1531, 1535.  In the instant case because of the total exhaustion requirement in Rose v Lundy, 455 U.S. 509, 525 (1982) and the one year statute of limitations under AEDPA, Gardner in his mixed petition runs the risk of forever losing his opportunity for any federal review of his exhausted claim if he is faced with the choice of either striking his unexhausted claims and going forward with an exhausted petition or allowing the whole petition to be dismissed as mixed.

A stay in abeyance is appropriate only when the district court determines that there is "good cause" for the failure to exhaust.  Rhine, supra at

3-06-cv-259-RRB-JDR @45 Order Holding Petition in Abeyance_mtd.wpd

2

3-06-cv-259-RRB-JDR                    ORDER @45 Regarding Motion for Stay of Habeas Corpus              6/4/2008; Page 2 of 4
                                       Signed by Judge John D. Roberts

1535.  Gardner argues that there is "good cause" for a stay and abeyance order because of the inadequate briefing of the claims at issue before the Alaska Court of Appeals by his state appellate attorney.  His claims are potentially meritorious, or at least not frivolous.  The respondent argues that this claim of incompetence is absent from Gardner's state application for post conviction relief and his federal habeas petition.

The court concludes that Gardner has met the good cause standard warranting his requested stay of proceedings.  Under the present record the court concludes that the unexhausted claims are not "plainly meritless" and Gardner has demonstrated that he is not engaged in abusive litigation tactics or intentional delay in seeking a stay and abeyance of his federal habeas petition proceedings.

Although Gardner apparently has not proceeded to litigate his unexhausted claims in state court while his motion for stay and abeyance in this case has been pending, the court notes that petitioner's earlier counsel, G. Blair McCune, withdrew during this time and new counsel, Lance C. Wells now represents Mr. Gardner.  Recognizing that the court may exercise its discretion to grant a stay, both parties recognize that the district court should place reasonable time limits on petitioner's further exhaustion efforts before the state courts.  In his reply to the opposition to the motion for stay Gardner accepts the respondent's suggestion that the petitioner be given 30 days after the stay is granted to pursue state court

3-06-cv-259-RRB-JDR @45 Order Holding Petition in Abeyance_mtd.wpd

3

3-06-cv-259-RRB-JDR          ORDER @45 Regarding Motion for Stay of Habeas Corpus          6/4/2008; Page 3 of 4
                             Signed by Judge John D. Roberts

remedies and to require his return to this court within 30 days after the conclusion of state proceedings.  *See* Reply, Docket No. 67, p.5 and Opposition, Docket No. 49, p.7.  *See* Rhines, 125 S.Ct. at 1535, citing with approval Zarvela v. Artuz, 254 F.3d 374, 381 (2nd Cir. 2001)(giving petitioner 30 days after stay granted to pursue state court remedies and require a return to federal court within 30 days after the conclusion of state proceedings.)

Accordingly, petitioner's motion for stay and abeyance of habeas petition proceedings, Docket No. 45 is granted.  Mr. Gardner should commence his state court proceedings to pursue his unexhausted claims no later than June 23, 2008.  No later than 30 days after such state court proceedings have become final Gardner shall return to this court to continue his federal habeas petition proceedings.

IT FURTHER ORDERED that petitioner Gardner provide this court with a status report on his state court proceedings at 45 day intervals commencing on August 7, 2008.

DATED this 3rd day of June, 2008, at Anchorage, Alaska.

/s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge

3-06-cv-259-RRB-JDR @45 Order Holding Petition in Abeyance_mtd.wpd

4

3-06-cv-259-RRB-JDR          ORDER @45 Regarding Motion for Stay of Habeas Corpus          6/4/2008; Page 4 of 4
                             Signed by Judge John D. Roberts