UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| EDWARD Y. GARDNER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>FRANK LUNA, )<br>)<br>Defendant. )<br>_____ ) | Case No. 3:06-CI-00259 RRB |

### APPLICATION FOR CERTIFICATE OF APPEALABILITY

On May 12, 2014, this court dismissed via written order Mr. Gardner's Petition for Post Conviction Relief filed pursuant to 28 U.S.C. § 2254. See Dockets 96, 114 and 117.

In order that Mr. Gardner may appeal to the United States Court of Appeals for the Ninth Circuit, Defendant respectfully requests the court issue a Certificate of Appealability as required by Title 28, United States Code, § 2253 and Rule 22(b) of the Federal Rules of the Appellate Procedure.

Mr. Gardner believes that he is entitled to redress on appeal for the reasons set forth herein and in the materials filed in support of the Petition for Post Conviction Relief. Specifically, Mr. Gardner is desirous of appealing his claim of ineffective assistance of counsel against his former trial attorney as well as this court's lifting of his "stay of proceedings" and dismissal of unexhausted claims. See Docket 68.

The ineffective assistance of counsel claim involves a warrantless search and seizure of items seized from a lakeside cabin. This search was made without a warrant and is in direct violation of the Fourth Amendment to the United States Constitution as no exception to the search warrant requirement is applicable. See <u>Chimel v. California</u>, 395 U.S. 752 (1969); <u>Katz v.</u>

**Edward Y. Gardner: COA**        **1**

*United States*, 389 U.S. 347 (1967), *Mapp v. Ohio*, 367 U.S. 643 (1961) and *Almeida–Sanchez v. United States*, 93 S. Ct. 2535. This claim is also properly before this court under a Sixth Amendment to the United States Constitution based on Mr. Gardner's claim of ineffective assistance of counsel. His former trial attorney of record previously submitted an affidavit in which she states she does not know why she failed to find out prior to trial that no search warrant ever issued as to the above referenced search or to Mr. Gardner specifically. These items that were seized were utilized by the State of Alaska through its assigned prosecutor to obtain an indictment against Mr. Gardner, and later used in trial in order to obtain a conviction against him. The issue surrounding this warrantless search also brings in to play the Fifth Amendment to the United States Constitution, when the state introduced journals that were also seized under a warrantless search. See *Gould v. United States*, 255 U.S 298 at 311; *Boyd v. United States*, 6 S. Ct. 524.

Mr. Garner further believes that he has been denied his right to exhaust another serious constitutional violation that being his right to confront his accuser under the sixth Amendment to the United States Constitution, by this court lifting his stay and dismissing his unexhausted claims. While six years is a long time, it took no less than three years for former Ret. Hon. Judge Beverly W. Cutler to appoint counsel to Mr. Gardner. Ultimately, Mr. Randy Luffberry, Esq. was appointed to represent him as to his unexhausted claims. Since this time, subsequent DNA testing has been performed and on June 12 of 2012, supplemental briefing was requested by the court as to the issue pertaining to the confrontation issue. In short, extensive briefing has occurred on this issue and the matter is still ongoing before the Alaska Superior Court.

The original stay issued by Judge Roberts was based in part on *Rhines v. Weber*, 544 U.S. 269, 125 S. Ct. 1528 (2005), which held that a district court has discretion in circumstances in

which there is good cause for the petitioner's failure to exhaust his claims first in state court to stay a mixed petition to allow the petitioner to present his unexhausted claims to the state court in the first instance. Id. at 1531, 1535. Judge Roberts further commented that Mr. Gardner had in fact met the good cause standard warranting his request for staying of the proceedings and concluded that his issues were not "plainly meritless," that Mr. Gardner had not engaged in abusive litigation tactics or intentional delay in seeking a stay and abeyance of his federal habeas petition proceedings. It is requested that this court reinstate the "stay of proceedings," to allow Mr. Gardner to continue to exhaust those issue which are now ripe for decision by the superior court.

To order to obtain a Certificate of Appealability, a prisoner must demonstrate that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further . See *Banks v. Dretke*, 540 U.S. 668, 705 (2004); see also, *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Mr. Gardner has set forth above, satisfied and met this standard as to his ineffective assistance of counsel claim made surrounding the warrantless search of his cabin and seizure of items without exception to the search warrant requirement as required under applicable state and federal law based on his former attorney's failure to challenge the seizure of evidence made without a search warrant.

DATED this 6th day of June, 2014.

        Law Offices of Lance C. Wells, P.C.
        Attorney for Mr. Edward Y. Gardner

By: _____/s/_____
    Lance C. Wells
    733 W. 4th Suite 308 Anch., AK. 99501
    AK BAR #9206045
    907-274-9696 F) 907-277-0859

**Edward Y. Gardner: COA**         **3**

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| EDWARD Y. GARDNER,<br><br>    Plaintiff,<br><br>vs.<br><br>FRANK LUNA,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 3:06-CI-00259 RRB |

**CERTIFICATE OF SERVICE**

  I, Lance C. Wells, do hereby certify that on June 6, 2014 a true and correct copy of **APPLICATION FOR CERTIFICATE OF APPEALABILITY** was served by ECF Pacer upon:

    Mr. Ken Rosenstein, Esq.
    OSPA
    310 K Street, Suite 308
    Anchorage, Alaska 99501 and

    Mr. Edward Y. Gardner (US Mail Delivery)
    Address of record

    LAW OFFICES OF LANCE C. WELLS, LLC
    Attorneys for Edward Y. Gardner


    _____/s/_____
    L.C. Wells, Esq.

**Edward Y. Gardner: COA**     **4**