IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| EDWARD Y. GARDNER, | |
|---|---|
| Petitioner, | Case No. 3:06-cv-0259-RRB |
| vs. | |
| FRANK LUNA, | **ORDER DENYING APPLICATION FOR CERTIFICATE OF APPEALABILITY** |
| Respondent. | |

Before the Court, at **Docket 120**, is Plaintiff Edward Y. Gardner with an Application for Certificate of Appealability pursuant to 28 U.S.C. 2253(c), which is opposed by Defendant at Docket 120. Plaintiff objects to the Court's dismissal of his habeas claim at Docket 117.

Plaintiff continues to assert that he should be able to proceed with an appeal alleging ineffectiveness of his prior trial counsel despite having specifically abandoned any allegations of ineffectiveness of trial counsel (Docket 122-1) and despite having failed to establish that the outcome of his murder trial would have been any different had trial counsel done everything Plaintiff now claims that she should have done. Plaintiff contends that the Court erred in dismissing his habeas petition. The Court, however, disagrees and,

in order to more specifically respond to the issues raised by Plaintiff in his request for certificate of appealabity, and setting aside the abandonment issue, will set forth its reasoning below and address some of the relevant case law.

It is the Court's view that Plaintiff has failed to make a substantial showing of the denial of a constitutional right and that reasonable jurists, many of whom have already considered these arguments, would not disagree.

## I. FACTS AND PRIOR PROCEEDINGS

Gardner was convicted of First Degree Murder for killing his wife following a trial by jury in Palmer Superior Court before the Honorable Beverly W. Cutler. The Alaska Court of Appeals affirmed the conviction.

Gardner's wife, T.S., was found murdered near the Willow Creek campground off the Parks Highway. The State argued that Gardner had a motive to kill his wife based on a real property dispute. Mr. Gardner visited his wife on July 5, 1995, at the house. After they talked, T.S. agreed to give Gardner a ride to a cabin where he was staying. Gardner asked T.S. to give him a ride the next day to Nugen's Ranch, a substance abuse treatment center, located off the Palmer-Wasilla Highway.

The next day her body was found. Her car was parked in the same spot where she had dropped Gardner off the night before. She had been stabbed multiple times. Trace evidence of sperm was found in T.S.'s vagina and on her thigh. The state's expert testified that Gardner was a "possible contributor" of the sperm, based on DNA testing.

Gardner was arrested outside of a remote cabin near Sucker Lake in Alaska. Police seized evidence from the premises known as the Edward (Bucky) Gardner cabin located on Sucker Lake pursuant to Search Warrant 3PA-95-1295SW. The Troopers seized weapons, explosives, a journal that Gardner had written in, and several other items found in the cabin. These items were introduced into evidence at trial against Gardner.

Gardner's trial attorney was Donna J. McCready. At trial McCready called defendant's own expert witness who testified that it was unlikely that the sperm was deposited at or near the time of T.S.'s death. The defense argued that it was more likely a result of sexual relations between T.S. and Gardner several days before her death.

At trial, Gardner's attorney argued that another man, David Brasseur, was the one who killed T.S. and argued that, as an unrequited lover, he had a motive to kill her.

McCready employed a defense strategy evidenced in her opening statement admitting that Gardner was the source of the semen found on the victim's body. Implied in such a strategy and the relationship between Gardner and his ex-wife was an argument that because of their intimate relationship Gardner would have had less or a reason to kill her than Brasseur.

Gardner was convicted after a jury trial and subsequently appealed his conviction to the Alaska Court of Appeals. Gardner lost this appeal. He timely petitioned for a hearing before the Alaska Supreme Court. The petition for hearing was denied. He then filed a timely application for post-conviction relief under Alaska Rule of Criminal Procedure 35.1.

The application was dismissed on the pleadings without an evidentiary hearing. Dismissal of Gardner's State application for post-conviction relief was timely appealed to the Alaska Court of Appeals.

Gardner's court-appointed appellate attorney field a supplemental memorandum in support of application for post-conviction relief pursing defendant's ineffective assistance of counsel claim and raising three additional claims. Subsequently Gardner filed his habeas petition with the federal court.

## II.    STANDARD FOR HABEAS RELIEF

To obtain federal habeas relief the petitioner must show that the state court's resolution of his ineffective assistance claim(s) "was contrary to, or involved an unreasonable application of clearly established Federal laws, as determined by the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Cheney v. Washington*, 614 F. 3d 987, 993-94 (9th Cir. 2010). To show that the state court's decision was contrary to clearly established federal law, the habeas petitioner must show that the court "applie[d] a rule that contradicts the [federal law] or confront[ed] a set of facts materially indistinguishable from a decision of the [Supreme Court] but reached a different result. *Williams v. Taylor*, 529 U.S. 362, 406 (2000).

To show that the state court's decision involved an unreasonable application of federal law, the habeas petitioner has the burden of proving not just that the decision is wrong, he must show that he decision is "objectively unreasonable." *Cheney*, 614 F. 3d at

994. Under habeas review, the federal court reviews the last reasoned decision by a state court. *Robinson v. Ignacia*, 360 F.3d 1044, 1055 (9th Cir. 2004). In this case the last reasoned decision by a state court is the decision of the Alaska Court of Appeals.

### III.     STANDARD FOR INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS

The standard for evaluating ineffective assistance claims is set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* constitutes the clearly established federal law for purposes of habeas review of state decisions. *Cheney*, 614 F. 3d at 994-5. The standard requires proof of both deficient performance and prejudicial effect. *Strickland,* 466 U.S. at 687. Under *Strickland*, a review of a lawyer's performance is highly deferential. *Strickland*, 466 U.S. at 689.

The seminal case for ineffective assistance of counsel in Alaska is *Risher v. State*, 523 P.2d 421 (Alaska 1974), which adopted a two-pronged standard for evaluating ineffective assistance of counsel claims similarly to the two-pronged standard for ineffective assistance of counsel claims in *Strickland.* But *Risher's* performance standard for ineffective assistance claims is "more protective of defendant's rights" than *Strickland*, *Galvan v. Alaska Department of Corrections*, 397 F. 3d 1198, 1203 (9th Cir. 2005). Whereas, *Strickland* requires that a defendant establish "reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different," *Strickland,* 466 U.S. at 694, *Risher* requires that a defendant "only establish a reasonable doubt that the incompetence contributed to the outcome. *Galvan*, 397 F.3d at 1203. The

Alaska law incorporates *Strickland's* presumptions of competence and of sound tactical choice. *State v. Jones*, 759 P.2d 558, 569 (Alaska App. 1988).

## IV.     DISCUSSION

The Alaska Court of Appeals considered Gardner's claims in detail regarding his trial attorney's conduct and in particular addressed the sufficiency of DNA evidence, the failure to seek suppression of evidence seized from Gardner's cabin (s), and the failure to address the search warrants. The Court of Appeals, while finding error by the trial court regarding the admissibility of statements made by the victim at a prior domestic violence hearing, properly concluded that the error was harmless under Alaska law.  Significantly, the Alaska Appellate Court's decision also found that the trial judge had not erred in concluding that Gardner had failed to establish a prima facie case of ineffective assistance of counsel. This ruling is consistent with *Strickland* that a lawyer's performance is strongly presumed to fall within the wide range of reasonably professional assistance under the Sixth Amendment.

Gardner has not shown that the state court's application of federal law was objectively unreasonable or violated Supreme Court precedent. Gardner has not shown that his counsel's performance fell outside the "wide range of professionally competent assistance," *Strickland* 466 U.S. 690, and that "there is a reasonable probability, that but for counsel's unprofessional errors, the result of the proceedings would have been different. *Id.* at 694. Gardner made no showing to the state court that he would have

prevailed on a motion to suppress and that there was a reasonable probability that the successful motion would have affected the outcome.

## V. STAY

The parties do not dispute that this Court has the discretion to grant a stay of proceedings to permit petitioner to pursue any unexhausted claims before the state court. Such a stay was in fact granted in this matter and was in place for many years during which time there appears to have been relatively little activity. The Court's decision now to lift the stay and dismiss the present action in order to achieve some degree of finality does not preclude Gardner from seeking habeas relief in the future once he has exhausted any remaining state claims that he might have.

## VI. CONCLUSION

Gardner has not explained how the Alaska Court of Appeal's resolution of his ineffective assistance claim represented an unreasonable application of *Strickland* or other federal law. Gardner has made no meritorious claim that the Alaska court's resolution of his ineffective assistance claims were contrary to clearly established federal law. He has offered no proof for habeas relief on his Fourth Amendment claims to show that they are meritorious and that there is a reasonable probability that the verdict would have been different had trial counsel done everything Gardner now contends that she should have. Wherefore, the Petition for Writ of Habeas Corpus lacks merit. Defendant's Motion to Dismiss was properly granted. The Application for Certificate of Appealability is therefore

**DENIED** because Gardner has failed to establish the denial of a constitutional right by the state court.

**IT IS SO ORDERED** this 31st day of July, 2014.

                                                    S/RALPH R. BEISTLINE
                                                    UNITED STATES DISTRICT JUDGE